**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | | |
|---|---|---|
| SHONDEL CHURCH, et. al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No.17-CV-04057-NKL |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**ORDER**

Pending before the Court is Non-Parties' Pro Se Motion for Joinder, [Doc. 30]. For the following reasons, the Motion is denied.

**I. Background**

This lawsuit challenges funding for the Missouri State Public Defender, which provides legal representation to all indigent citizens accused or convicted of crimes in Missouri state court. Plaintiffs filed this putative class action alleging Missouri "has failed to meet its constitutional obligation to provide indigent defendants with meaningful representation."

Plaintiffs seek prospective relief on behalf of themselves and "on behalf of all indigent persons who are now, or who will be during the pendency of this litigation, under formal charge before a state court in Missouri of having committed any offense, the penalty for which includes the possibility of confinement, incarceration, imprisonment, or detention (regardless of whether actually imposed), and who are eligible to be represented by" the Missouri State Public Defender. The named Plaintiffs are members of the putative class and have plausibly alleged that they "will fairly and adequately protect the interests of the Class."

Plaintiffs filed this class action for injunctive and declaratory relief in Missouri state court. Defendants removed this action pursuant to 28 U.S.C. §§1331, 1441, and 1446. Roughly three hundred non-parties now move to join this lawsuit, [Doc. 30].[1] The movants are "indigent, incarcerated, past and present clients of the Missouri State Public Defenders Office." Both Plaintiffs and State Defendants oppose the motion.

## II. Discussion

*A. Mandatory Joinder under Rule 19*

Rule 19 governs when joinder of a particular party is mandatory. *Int'l Brotherhood of Teamsters, Local 878 v. Commercial Warehouse Co.*, 84 F.3d 299, 302 (8th Cir. 1996). Joinder is mandatory only when the party is necessary. *See Gwartz v. Jefferson City Mem'l Hosp. Ass'n*, 23 F.3d 1426, 1428 (8th Cir. 1994). A party is necessary if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a)(1).

Joinder would be required if the movants satisfied Fed. R. Civ. P. 19(a) by showing that the new parties are necessary to a full resolution of the case. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 308 (8th Cir. 2009). Here, joinder of the movants under Rule 19(a) is not required because their absence would not impair the court's ability to accord complete relief in the form of injunctive and declaratory relief. Movants will benefit from whatever prospective relief

---

[1] The non-parties jointly filed a "Motion of Joinder" under Mo. R. Civ. P. 52.04. In the time since the motion was mailed, the case had been removed to this Court. The cited Missouri rule is not applicable in federal court, as Federal Rules of Civil Procedure 19 and 20 govern joinder.

Plaintiffs secure as a result of belonging to the putative class.

Movants state "in their absence complete relief cannot be accorded among those already named parties," [Doc. 30, p. 2], and list the differences between movants and the named Plaintiffs. Namely, movants charge that "no named Plaintiff has used the Missouri State Public Defender Office . . . at the Direct Appeal stage, . . . [or the] Post Conviction Relief" stage and has not "had their case adjudicated in the Missouri Court of Appeals, or Missouri Supreme Court." *Id.* This argument is further evidence why joinder is inappropriate under Rule 19; the majority of the individuals seeking to join appear to be outside of Plaintiffs' class because they are not under formal charge for a criminal offense before a Missouri state court and their prison sentences have already been commenced. As a result, movants are not situated as such that the disposition of this action in movants' absence would as a practical matter impair or impede the person's ability to protect that interest. Fed. R. Civ. P. 19(a)(1).

Insofar as some of the movants may have charges pending before the state court, they are adequately represented by the class representatives, who will protect their interests. As a result, mandatory joinder under Rule 19 is inappropriate.

*B. Permissive Joinder under Rule 20*

Rule 20 governs permissive joinder. Specifically, Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (quoting Fed. R. Civ. P. 20(a)(1)). "The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of

transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

As noted above, the majority of the individuals seeking to join appear to be outside of Plaintiffs' class because, as Defendants argue, "they have already been convicted of crimes and this Court should not presume that they will commit and be charged with additional crimes in the future." [Doc. 41, p. 2]. Movants are not under formal charge for a criminal offense before a Missouri state court and their prison sentences have already been commenced. Although the movants raise questions about the adequacy of post-conviction representation, "these questions raise different factual and legal questions than the claims asserted in Plaintiffs' petition." [Doc. 39, p. 2]. Were the motion for joinder to be granted, the individuals seeking joinder would comprise a separate and distinct class from Plaintiffs' proposed class and would need to support their claims with additional and distinct factual allegations and legal arguments.

Courts have discretion in permitting joinder under Rule 20. *See Mosley*, 497 F.2d at 1332 ("[T]he scope of the civil action is made a matter for the discretion of the district court) (citing Fed. R. Civ. P. 20(b)). In this case, the movants will benefit from whatever prospective relief Plaintiffs secure as a result of belonging to the putative class and the majority of movants are outside Plaintiffs' prospective class. Therefore, Rule 20 permissive joinder is not appropriate.

## III.    Conclusion

For the foregoing reasons, Non-Parties' Pro Se Motion for Joinder, [Doc. 30], is denied.


s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:   May 31, 2017
Jefferson City, Missouri

4