UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SHONDEL CHURCH, et al.,           )
                                  )
            Plaintiffs,           )
                                  )
      v.                          ) Case No. 17-04057-CV-C-NKL
                                  )
STATE OF MISSOURI, et al.,        )
                                  )
            Defendants.           )

**SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION
TO CERTIFY A CLASS PURSUANT TO FRCP 23**

## TABLE OF CONTENTS

I. Legal Standard .................................................................................................................. 2
II. Discussion ..................................................................................................................... 3
   A. Ascertainability ......................................................................................................... 4
   B. Rule 23(a) ................................................................................................................. 4
      1. Rule 23(a)(1): Numerosity ..................................................................................... 4
      2. Rule 23(a)(2): Commonality .................................................................................. 6
      3. Rule 23(a)(3): Typicality ........................................................................................ 8
      4. Rule 23(a)(4): Adequacy ...................................................................................... 10
   C. Rule 23(b) ............................................................................................................... 10
      1. Rule 23(b)(1)(B) .................................................................................................. 11
      2. Rule 23(b)(2) ....................................................................................................... 12
III. Conclusion .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alpern v. UtiliCorp United, Inc.*,
  84 F.3d 1525 (8th Cir. 1996) ..................................................................................................8

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ...............................................................................................................12

*Barrett v. Claycomb*,
  No. 11-CV-04242-NKL, 2011 WL 5822382 (W.D. Mo. Nov. 15, 2011) ........................3, 5, 9

*Cole v. Clinton*,
  635 F.2d 1364 (8th Cir. 1980) ...............................................................................................12

*Darling v. Bowen*,
  685 F. Supp. 1125 (W.D. Mo. 1988) .......................................................................................5

*DeBoer v. Mellon Mortg. Co.*,
  64 F.3d 1171 (8th Cir. 1995) ...................................................................................................8

*Doran v. Mo. Dep't of Soc. Servs.*,
  251 F.R.D. 401 (W.D. Mo. 2008) ..........................................................................................11

*Ebert v. Gen. Mills, Inc.*,
  823 F.3d 472 (8th Cir. 2016) .................................................................................................12

*Esler v. Northrop Corp.*,
  86 F.R.D. 20 (W.D. Mo. 1979) ................................................................................................5

*Gunnells v. Healthplan Servs., Inc.*,
  348 F.3d 417 (4th Cir. 2003) ...................................................................................................3

*Hurrell-Harring v. State of New York*,
  914 N.Y.S.2d 367 (App. Div. 2011) ....................................................................................3, 6

*Kuren v. Luzerne Cty.*,
  146 A.3d 715 (Pa. 2016) ..........................................................................................................3

*Lane v. Lombardi*,
  No. 2:12-CV-4219-NKL, 2012 WL 5462932 (W.D. Mo. Nov. 8, 2012) ................................6

*Ortiz v. Fibreboard Corp.*,
  527 U.S. 815 (1999) ...............................................................................................................11

*Paxton v. Union Nat'l Bank*,
　688 F.2d 552 (8th Cir. 1982) ..................................................................................................4, 5

*Rivera v. Rowland*,
　No. CV95545629, 1996 WL 677452 (Conn. Super. Ct. Nov. 8, 1996).....................................8

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*,
　821 F.3d 992 (8th Cir. 2016) ................................................................................................2, 4

*State ex rel. Mo. Pub. Def. Comm'n v. Pratte*,
　298 S.W.3d 870 (Mo. 2009) ....................................................................................................10

*Strickland v. Washington*,
　468 U.S. 668 (1984)...................................................................................................................6

*U.S. Fidelity & Guaranty Co. v. Lord*,
　585 F.2d 860 (8th Cir. 1978) ...................................................................................................10

*U.S. Parole Comm'n v. Geraghty*,
　445 U.S. 388 (1980)...................................................................................................................1

*United States v. Cronic*,
　466 U.S. 648 (1984)...................................................................................................................7

*Weaver v. Reagen,*
　701 F. Supp. 717 (W.D. Mo. 1998) ..........................................................................................5

*Wilbur v. City of Mount Vernon*,
　298 F.R.D. 665 (W.D. Wash. 2012) .....................................................................................3, 6

**Other Authorities**

8 William B. Rubenstein, Newberg on Class Actions § 25:18 (4th ed. 2002) ...........................2, 5

7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
　§ 1754 (3d ed. 2015) ..................................................................................................................2

Fed. R. Civ. P. 23................................................................................................................... 2, 13

Fed. R. Civ. P. 23(a) .............................................................................................................2, 3, 4

Fed. R. Civ. P. 23(a)(1)..............................................................................................................4, 5

Fed. R. Civ. P. 23(a)(2)..................................................................................................................6

Fed. R. Civ. P. 23(a)(3)..............................................................................................................8, 10

Fed. R. Civ. P. 23(a)(4)................................................................................................................10

Fed. R. Civ. P. 23(b) ............................................................................................................2, 3, 11

Fed. R. Civ. P. 23(b)(1)(B) ..................................................................................................3, 11

Fed. R. Civ. P. 23(b)(2)....................................................................................................3, 11, 12

Fed. R. Civ. P. 23(a)(2).............................................................................................................6

State of Missouri Public Defender Commission, Fiscal Year 2016 Annual Report,
    https://tinyurl.com/ycdmwb32 ................................................................................................5

As detailed in Plaintiffs' complaint, Defendants' failure to provide constitutionally adequate counsel has already impacted tens of thousands of indigent defendants across the State of Missouri. That failure will harm tens of thousands more, absent the relief Plaintiffs seek. Putative class members accused of crimes, though innocent until proven guilty under the law, often languish in jail for months or even years, waiting to be counseled by (or even to meet with) their overburdened public defenders; crucial testimony and evidence is lost in the interim; and even when indigent defendants are able to have their cases heard, impossibly overworked public defenders cannot effectively advocate for their clients.

The problems with the Missouri State Public Defender program ("MSPD") are systemic and affect every single indigent criminal defendant in the State. The massive workloads responsible for class members' injuries are the result of a common policy on the part of Defendants—the failure to provide MSPD with the resources necessary to defend against the number of prosecutions the State has elected to bring. Absent a class action, relief for class members will be impossible. The class numbers in the tens of thousands, with dozens added each day. Class members by definition have no access to legal representation to bring their own claims for prospective relief. And were an individual class member somehow to bring such a claim, any relief awarded such a litigant—for example, requiring her attorney to spend a sufficient number of hours on her case—would, by definition, worsen the plight of other individuals within the class, from whose cases those extra hours would come. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-03 (1980).

Plaintiffs thus ask the Court to certify a class of plaintiffs defined as follows:

All indigent persons who are now or who will be during the pendency of this litigation under formal charge before a state court in Missouri of having

1

committed any offense the penalty for which includes the possibility of confinement, incarceration, imprisonment, or detention (regardless of whether actually imposed), and who are eligible to be represented by MSPD.

As detailed below, the proposed class, the named Plaintiffs, and class counsel amply satisfy Rule 23(a) and (b)'s requirements for class certification.

## I.  LEGAL STANDARD

Class actions for injunctive relief are favored in civil rights actions and, in particular, to address systemic issues within the criminal justice system. *See* 8 William B. Rubenstein, Newberg on Class Actions § 25:18 (4th ed. 2002) ("The class action device was specifically designed to aid the court and the parties in resolving certain difficulties common to criminal justice class suits."). Moreover, it is well established that the requirements of Rule 23 must be "construed in light of the objectives of the rule—to provide for the expeditious handling of disputes and to allow a remedy for those for whom it would be unrealistic to expect to resort to individual litigation." 7A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1754 (3d ed. 2015).

To meet the requirements for a class under Federal Rule of Civil Procedure 23, Plaintiffs must make three showings. First, Plaintiffs must demonstrate that the proposed class is "adequately defined and clearly ascertainable." *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016) (citation omitted).

Second, Plaintiffs must demonstrate that the proposed class satisfies the requirements of Rule 23(a), namely that:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

2

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Third, Plaintiffs must demonstrate that the proposed class fits into at least one of the categories identified in Rule 23(b).  As relevant here, a class may be maintained if (1) individual actions would create a risk of substantially impairing the interests of individuals not party to the litigation; or (2) the party opposing the class acted on grounds that apply generally to the class. Fed. R. Civ. P. 23(b)(1)(B), (2).

In conducting its inquiry, this Court must "liberally construe[]" Rule 23(a) and should not resolve the merits of the dispute.  *See Barrett v. Claycomb*, No. 11-CV-04242-NKL, 2011 WL 5822382, at *1 (W.D. Mo. Nov. 15, 2011) (citing *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 424 (4th Cir. 2003)).

## II.   **DISCUSSION**

Courts across the country have certified classes of indigent defendants to challenge system-wide problems with public defender systems.  *See, e.g.*, *Hurrell-Harring v. State of New York*, 914 N.Y.S.2d 367, 372 (App. Div. 2011); *Wilbur v. City of Mount Vernon*, 298 F.R.D. 665 (W.D. Wash. 2012); *Kuren v. Luzerne Cty.*, 146 A.3d 715, 718 (Pa. 2016).  Plaintiffs' proposed class is no different:  It is clearly ascertainable; satisfies the requirements of numerosity, commonality, typicality, and adequacy; is necessary to ensure that one class member's claims do not impinge on another's; and alleges that Defendants acted on grounds that apply to the whole class.  This Court should therefore certify Plaintiffs' proposed class.

3

### A. Ascertainability

As a threshold matter, Plaintiffs' proposed class is "adequately defined and clearly ascertainable," as required for certification. *Sandusky Wellness Ctr.*, 821 F.3d at 996. Not only do Defendants know what charges are brought against an individual and whether she is eligible for public defender representation; Defendants *decide* those very questions. The contours of the proposed class therefore precisely track the charging and sorting of individuals accused of crimes that the State already performs. *See id.* at 997 ("[F]ax logs showing the numbers that received each fax are objective criteria that make the recipient clearly ascertainable."). Defendants could not credibly argue that it would be burdensome or time-consuming to determine who would make up the members of the proposed class.

### B. Rule 23(a)

The proposed class satisfies Rule 23(a) because (1) the size of the putative class—numbering in the tens of thousands, and perhaps more—and other factors discussed below show that joinder would be impracticable; (2) the questions raised by this suit are common to all members of the putative class, and a decision by this Court on those common questions would resolve class claims simultaneously; (3) the named Plaintiffs' claims and interests are aligned with and typical of those of the putative class members; and (4) the named Plaintiffs and their counsel will adequately and zealously represent the class.

#### 1. Rule 23(a)(1): Numerosity

This case satisfies Rule 23(a)(1)'s requirement that the class be "so numerous that joinder of all members is impracticable." Plaintiffs' proposed class comprises tens of thousands of individuals at present; dozens more are added each day, all of them by definition unable to afford their own representation. Both the number of class members and the nature of the action make joinder of all putative class members implausible. *See Paxton v. Union Nat'l Bank*, 688 F.2d

4

Case 2:17-cv-04057-NKL   Document 53   Filed 06/08/17   Page 9 of 19

552, 559-60 (8th Cir. 1982) (in addition to class size, court should consider "nature of the action" and "any other factor relevant to the practicability of joining all the putative class members").

The size of the class alone warrants certification. Defendant MSPD Commission's 2016 annual report reports that 75,000 or more individuals would have met Plaintiffs' proposed class definition in that year. *See* State of Missouri Public Defender Commission, Fiscal Year 2016 Annual Report, at 23-24, *available at* https://tinyurl.com/ycdmwb32. Joinder of even a tiny fraction of the eligible plaintiffs would quickly overwhelm this Court. *Cf. Esler v. Northrop Corp.*, 86 F.R.D. 20, 34 (W.D. Mo. 1979) (certifying class of 186 members).

Additional considerations counsel in favor of finding Rule 23(a)(1)'s requirement satisfied. First, the class is fluid—members will frequently join and leave the class. *See Claycomb*, 2011 WL 5822382, at *2 (individual lawsuits would be impractical where class membership was fluid). New class members are being added to the class every day as Missouri prosecutors continue to file criminal charges, and members leave as their cases are fully resolved. Second, class members by definition are financially unable to hire counsel and fund litigation themselves; joinder is thus not only impracticable but, practically speaking, impossible. *See* William Rubenstein, Newberg on Class Actions § 3:11 (5th ed. 2011). Third, the class members are dispersed across the state of Missouri. *See Darling v. Bowen*, 685 F. Supp. 1125, 1127 (W.D. Mo. 1988) (geographic dispersion of class members contributed to impracticability finding). And finally, many of the members of the proposed class will enter the class—by being charged with a crime—only after certification of the class. Joinder of future class members is, of course, impossible. *See Weaver v. Reagen*, 701 F. Supp. 717, 721 (W.D. Mo. 1998) (potential future members made seven-member class sufficiently "numerous"); *Lane v. Lombardi*, No. 2:12-CV-4219-NKL, 2012 WL 5462932, at *2 (W.D. Mo. Nov. 8, 2012).

5

## 2. Rule 23(a)(2): Commonality

This case presents several "questions of law or fact common to the class"—including the core questions whether MSPD's workloads are too high and whether those high workloads are a result of Defendants' actions—easily satisfying Rule 23(a)(2)'s requirement of commonality.

In systemic indigent defense reform lawsuits like this one, the "basic, unadorned question presented," as the *Hurrell-Harring* court put it, "is whether the State has met its obligation to provide counsel." 914 N.Y.S.2d at 370 (citation omitted). That overriding question breaks down into several sub-questions, all with common answers. For example, in *Wilbur v. City of Mount Vernon*, 298 F.R.D. 665 (W.D. Wash. 2012), the court identified those sub-questions as: the demand for public defender services in the regions in question and the level of resources provided to meet that demand; which, if any, stages of the criminal pre-trial process are critical and whether indigent defendants are represented during those stages; whether the public defender system affords indigent defendants constitutionally adequate representation; and whether the Constitution requires monitoring public defenders. *Id.* at 667.

Crucially, Plaintiffs do not seek to demonstrate that any individual conviction should be retrospectively overturned under the standard set out in *Strickland v. Washington*, 468 U.S. 668 (1984). Rather, Plaintiffs seek prospective relief to provide adequate representation during the pre-trial, trial, and post-trial phases of every criminal case defended by the MSPD: Plaintiffs claim that (1) MSPD attorneys operate under an actual conflict of interest in every case, because providing constitutionally adequate representation to one client necessarily requires foregoing constitutionally adequate representation to others; (2) MSPD attorneys' constitutionally deficient performance warrants prospective relief; (3) they have been constructively denied counsel; (4) sufficient risk of irreparable injury exists as to warrant an injunction; and (5) they have been actually deprived of counsel at critical stages in their representation. *See* ECF No. 44 at 14-17.

As in *Wilbur*, then, the overriding question in this case of "whether the State has met its obligation to provide counsel" breaks down into several sub-questions capable of common answers:

a) Whether MSPD attorneys' inability to adequately perform the basic tasks of representation stems from MSPD's high workloads;

b) Whether MSPD's high workloads are a result of Defendants' course of conduct;

c) Whether MSPD attorneys are laboring under an actual conflict of interest because of their high workloads, which ensure that any time spent providing constitutionally adequate representation to one client is time not spent providing such representation to another;

d) Whether Defendants have created circumstances such that even where counsel is nominally available, "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is small," constructively depriving Plaintiffs of counsel in violation of *United States v. Cronic*, 466 U.S. 648 (1984);

e) Whether MSPD attorneys are able to adequately perform the basic tasks necessary to meet the minimum requirements for constitutionally sufficient counsel, such as communicating with clients, investigating cases, and counseling clients regarding guilty pleas;

f) Whether Defendants have created a likelihood of constitutionally deficient performance on MSPD's part and resulting prejudice on the part of Plaintiffs; and

g) Whether Defendants have systematically denied Plaintiffs actual representation at critical stages of their cases.

Any one of these questions, independently, would be a "common question" sufficient to sustain a class action. Each one requires an analysis of MSPD at the system-wide level and does not depend on the particular circumstances of each individual case. And the remedies Plaintiffs

7

seek are systemic in scope, impacting indigent defendants throughout the state. *See Rivera v. Rowland*, No. CV95545629, 1996 WL 677452, at *3 (Conn. Super. Ct. Nov. 8, 1996) ("The common question presented is not whether plaintiffs are each individually receiving effective assistance from their public defender based on inadequate representation in their individual cases. The common question plaintiffs raise … is whether the plaintiffs are being injured due to the alleged overload of cases and under-allocation of resources.").

To be sure, individual Plaintiffs' experiences will provide concrete instances of inadequate representation that will help provide a real-world context for the system-wide evidence at the heart of this case. But it is Plaintiffs' *collective* experience that supports the conclusion that indigent defendants in Missouri are being denied meaningful and effective counsel and are therefore entitled to prospective equitable relief.

### 3. Rule 23(a)(3): Typicality

This case also meets Rule 23(a)(3)'s requirement that the named plaintiffs' claims be typical of the class claims, a requirement that is "fairly easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). Plaintiffs' claims in this case stem from the same course of conduct as the class claims—namely Defendants' failure to ensure that MSPD's resources are adequate for the number of indigent defendants that the State has decided to charge —and give rise to the same legal theory, a claim for prospective relief under provisions of the federal and state constitutions and various state statutes guaranteeing the right to counsel.

8

Plaintiffs' attorneys failed to communicate with them, to represent them at initial appearances where bond was set, to investigate possible defenses, to pursue discovery or to expeditiously resolve their cases. Plaintiffs therefore suffer the harms that attend any indigent defendant consigned to representation by MSPD—extended delay, unnecessary pretrial detention, loss of evidence, lack of consistent or meaningful communication, and absence of representation at critical stages of the case. *See, e.g.*, ECF No. 1, Ex. 1 ("Petition") ¶¶ 6, 121, 126, 127, 129, 145, 149, 155-156, 160, 171, 175, 184, 190. And Plaintiffs have plausibly alleged that the injustices they suffer, like the harms inflicted on other members of the class, stem directly from the State's refusal to provide adequate resources for its public defender system. *Id. Cf. Claycomb*, 2011 WL 5822382, at *2 (assessing "legal significance of varying degrees" of impact of challenged policy "would require resolution of the merits, which is not properly done at the class certification stage").

There is widespread acknowledgement within Missouri that the deficiencies raised by Plaintiffs are typical across the class of indigent defendants. In 2005, for example, the Missouri Bar Association issued a report concluding that, due to extremely high workloads and lack of sufficient resources, public defenders throughout Missouri were prevented from complying with MSPD's own Public Defender Guidelines for Representation, the Missouri Supreme Court Rules of Professional Conduct, and, most significantly, the United States Constitution. *See* Petition Ex. 1. More recently, in 2009, the Missouri Supreme Court expressed its concern that "the 'caseload crisis' of the public defender's office has continued to grow" and the "excessive number of cases to which the public defender's offices currently are being assigned calls into question whether any public defender fully is meeting his or her ethical duties of competent and diligent representation in all cases assigned." *State ex rel. Mo. Pub. Def. Comm'n v. Pratte*, 298 S.W.3d

9

870, 878, 880 (Mo. 2009). Indigent defendants across the State have failed to receive meaningful representation as a result of Defendants' failure to curb MSPD's excessive workloads. Plaintiffs' claims are thus typical of the class as a whole and meet the requirements of Rule 23(a)(3).

### 4. Rule 23(a)(4): Adequacy

Plaintiffs have satisfied both requirements of Rule 23(a)(4): (1) Plaintiffs' attorneys are "qualified, experienced, and generally able to conduct the proposed litigation"; and 2) Plaintiffs do not "have interests antagonistic to those of the class." *U.S. Fidelity & Guaranty Co. v. Lord*, 585 F.2d 860, 873 (8th Cir. 1978).

As to the first requirement, the proposed class will be represented by experienced, well-resourced counsel. Attorneys from the American Civil Liberties Union's national Criminal Law Reform Project, the American Civil Liberties Union of Missouri, the MacArthur Justice Center, and the global law firm of Orrick, Herrington & Sutcliffe, LLP, have between them decades of experience in litigation generally, specific expertise in litigating class actions (including several class actions before this very court) and indigent defense reform suits, and sufficient resources to vigorously prosecute this lawsuit.

Plaintiffs' interests are far from antagonistic to the rest of the class. They have every motive to see this case advance so they can receive the legal representation the Constitution requires, and their interest in doing so coincides with the interests of other class members.

This Court should thus find that the requirement of adequacy for class certification is satisfied.

### C. Rule 23(b)

A class must satisfy at least one of the requirements laid out in Rule 23(b). The Court should certify this class because two independent subsections of Rule 23(b) are satisfied:

subsection (1)(B) and subsection (2). Satisfying either would be sufficient to warrant certification, and Plaintiffs here satisfy both.

### 1. Rule 23(b)(1)(B)

This case meets the requirements of subsection (b)(1)(B) of Rule 23. That subsection allows for a class when not certifying the class would create a risk of:

> [A]djudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests[.]

Subsection (b)(1)(B) is concerned with prejudice to the putative class members if certification were not granted. *See Doran v. Mo. Dep't of Soc. Servs.*, 251 F.R.D. 401, 407 (W.D. Mo. 2008).

This case is a type of "common fund" case where the State has only so many resources to spend on its public defender program. In "common fund" cases, "the shared character of rights claimed or relief awarded entails that any individual adjudication by a class member disposes of, or substantially affects, the interests of absent class members." *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834 (1999). All indigent defendants in Missouri have a right to counsel, but the existing pool of public defenders is a limited, finite resource. Putting to one side the implausibility of tens of thousands of individual claims to secure adequate counsel being brought, if each plaintiff were to file suit separately, some might succeed in securing adequate representation for themselves. But a victory for one would be for him or her alone; indeed, anyone securing such relief would "substantially impede" the ability of other indigent defendants to obtain adequate counsel, because other indigent defendants would then have access to even fewer public defender resources. A class action is the only way to tackle the problem of inadequate public defender resources in a comprehensive and equitable way.

11

### 2. Rule 23(b)(2)

Because "one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights," the rule "must be read liberally in the context of civil rights suits" such as this one. *Cole v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (citation omitted); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Plaintiffs' proposed class is a textbook example of a Rule 23(b)(2) class: Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Because Plaintiffs' proposed class is "cohesive" and because a single injunction or declaratory judgment would provide relief to each member of the class, this Court should certify Plaintiffs' class under Rule 23(b)(2). *See Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016).

The State's conscious decision to underfund and otherwise neglect its public defender program, while continuing the flood of new criminal cases, undergirds the harms faced by all members of the class. Moreover, the single injunction requested by Plaintiffs—"an injunction that requires Defendants to propose and implement, subject to this Court's approval and monitoring, a plan to ensure that all indigent criminal defendants and juvenile respondents in the State of Missouri are provided with constitutionally adequate legal representation," Petition ¶ 52—would by definition provide relief to each member of the class.

Plaintiffs are not asking this Court to remedy the lack of counsel in their individual cases. Instead, they seek an injunction that would force the State to comply with its long-unmet obligation to provide adequate counsel to the class as a whole—the hallmark of a Rule 23(b)(2) class.

## III. CONCLUSION

For the foregoing reasons, and those set forth in Plaintiff's Class Action Petition for Injunctive and Declaratory Relief, Plaintiffs respectfully request that this Court grant their motion for class certification under Rule 23.

Dated: June 8, 2017

/s/ Anthony E. Rothert
Anthony Rothert
Missouri Bar #44827
Jessie Steffan
Missouri Bar #64861
ACLU OF MISSOURI FOUNDATION
906 Olive Street, Suite 1130
St. Louis, MO 63101
Telephone: (314) 652-3114
Facsimile: (314) 652-3112
Email: arothert@aclu-mo.org

Gillian Wilcox
Missouri Bar #61278
ACLU OF MISSOURI FOUNDATION
406 West 34th Street, Suite 420
Kansas City, MO 64111
Telephone: (816) 470-9933
Facsimile: (314) 652-3112
Email: gwilcox@aclu-mo.org

Jason D. Williamson**
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Mae Quinn
Missouri Bar #61584
Amy Breihan
Missouri Bar #65499
MACARTHUR JUSTICE CENTER AT ST. LOUIS
3115 South Grand Boulevard, Suite 300
St. Louis, MO 63118
Telephone: (314) 254-8540
Facsimile: (314) 254-8547
Email: mae.quinn@macarthurjustice.org

Robert Sills*
Aaron Scherzer*
Matthew R. Shahabian*
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

Evan Rose*
Easha Anand*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

*Admitted Pro Hac Vice
** Pro Hac Vice Application To Be Submitted

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2017, a true and correct copy of the foregoing document was electronically filed using the Court's ECF/CM system, which will send notice to all counsel of record.

/s/ Anthony E. Rothert