# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| SHONDEL CHURCH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-04057-CV-C-NKL |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

**REPLY SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY A
<u>CLASS PURSUANT TO FRCP 23</u>**

## TABLE OF CONTENTS

                                    **Page**

| | | | |
|---|---|---|---|
| I. | | Plaintiffs Have Amply Satisfied The Requirements of Rule 23(a) | 1 |
| | A. | There Are Common Legal and Factual Questions | 1 |
| | B. | The Proposed Class Representatives are Adequate and Typical | 3 |
| | | 1. Plaintiffs Church, Samuels, and Richman | 3 |
| | | 2. Plaintiff Bowman | 5 |
| | | 3. Plaintiff Dalton | 7 |
| II. | | Plaintiffs Have Satisfied Rule 23(b) | 8 |
| | A. | The Proposed Class is "Cohesive" | 8 |
| | B. | The Proposed Class Satisfies Rule 23(b)(1)(B) | 9 |
| III. | | Conclusion | 9 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Braggs v. Dunn*,
   317 F.R.D. 634 (M.D. Ala. 2016)......................................................................................7

*Brown v. Plata*,
   563 U.S. 493 (2011).................................................................................................1, 2

*Cooper v. Fed. Reserve Bank of Richmond*,
   467 U.S. 867 (1984)......................................................................................................8

*Estelle v. Gamble*,
   429 U.S. 97 (1976)........................................................................................................1

*Gerstein v. Pugh*,
   420 U.S. 103 (1975)......................................................................................................5

*Mempa v. Rhay*,
   389 U.S. 128 (1967)......................................................................................................4

*Sosna v. Iowa*,
   419 U.S. 393 (1975)......................................................................................................4

*State v. Driver*,
   912 S.W.2d 52 (Mo. 1995) ...........................................................................................5

*Strickland v. Washington*,
   466 U.S. 668 (1984).................................................................................................2, 8

*U.S. Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980)......................................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011).................................................................................................2, 8

*In re Zurn Pex Plumbing Prod. Liab. Litig.*,
   644 F.3d 604 (8th Cir. 2011) ........................................................................................3

**Statutes**

Mo. Rev. Stat. § 217.362 ......................................................................................................4

Mo. Rev. Stat. § 217.362.4 ...................................................................................................4

**Other Authorities**

FRCP 23 ................................................................................................................................. *passim*

FRCP 23(a) ....................................................................................................................................1

FRCP 23(b) .................................................................................................................................8, 9

Office of Justice Programs, U.S. Dep't. of Justice, Mental Health Problems of
  Prison and Jail Inmates (Sept. 2006, revised Dec. 2006), *available at*
  https://www.bjs.gov/content/pub/pdf/mhppji.pdf ...................................................................7

Missouri Supreme Court Rule 29.07(b)(4) ....................................................................................5

Sixth Amendment to the Federal Constitution......................................................................2, 3, 8

*State v. Church*,
  Case No. 16LF-CR00529-01 ...................................................................................................3

*State v. Samuels*,
  16AO-CR00722-01, 5/22/2017................................................................................................4

Plaintiffs have moved to certify this case as a class action pursuant to Federal Rule of Civil Procedure 23. As explained in Plaintiffs' opening suggestions, class certification is not only proper, but necessary. Plaintiffs seek to remedy widespread, systemic deficiencies in the Missouri public defender system. A class action is the only viable way to assure that any remedies in this case apply equitably among Missouri's indigent criminal defendants. For the following reasons, the Court can—and should—certify the proposed class.

## I. PLAINTIFFS HAVE AMPLY SATISFIED THE REQUIREMENTS OF RULE 23(a)

### A. There Are Common Legal and Factual Questions

The State Defendants[1] argue that because it is possible that at least some of the proposed class members received competent legal counsel, the proposed class lacks a "common question." Doc. No. 63 at 1. But the Supreme Court explained in *Brown v. Plata*, 563 U.S. 493 (2011) that system-wide deficiencies could support a class action claim, even when some individual members of that class might not be able to make out a claim in an individual proceeding:

> Because plaintiffs do not base their case on deficiencies in care provided on any one occasion, this Court has no occasion to consider whether these instances of delay—or any other particular deficiency in medical care complained of by the plaintiffs—would violate the Constitution under *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976), if considered in isolation. Plaintiffs rely on systemwide deficiencies in the provision of medical and mental health care that, taken as a whole, subject sick and mentally ill prisoners in California to 'substantial risk of serious harm' and cause the delivery of care in the prisons to fall below the evolving standards of decency that mark the progress of a maturing society.

*Id.* at 505 n.3 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

As in *Brown*, this Court should have "no occasion to consider" whether any individual defendant could meet the standard for overturning a conviction under *Strickland v. Washington* if

---

[1] The MSPD Defendants did not join the State Defendants' opposition brief and therefore appear not to oppose Plaintiffs' motion for class certification. *See* Doc. No. 63.

1

"considered in isolation." Rather, "Plaintiffs rely on systemwide deficiencies" that, "taken as a whole," violate the Sixth Amendment rights of class members. Additionally, Plaintiffs have identified the common question of the conflicts of interest that inexorably arise when public defenders are tasked with defending more clients than they could possibly adequately represent. *See* Doc. No. 44 at 14-15.

The State Defendants repeatedly cite *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), but *Dukes* teaches that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Id.* at 349-50 (internal quotation marks omitted). In *Dukes*, the Supreme Court denied class certification because there was no common policy that led to gender discrimination by the defendant company. *Id.* at 355-57. Here, the State's policy of underfunding its public defender program has led to the proposed class's being represented by overworked, under-funded public defenders. The systemic deficiencies that Plaintiffs identify all stem from the State's failure to provide public defenders across the state with the necessary resources, supervision, and training required to adequately represent their clients. This is the "common policy" that was missing in *Dukes*. The State Defendants' observation that not every case or every office receives the exact same amount of public defender resources is true, but does nothing to address the well-documented, systemic deficiencies in Missouri's public defender system, clearly distinguishing this case from *Dukes*. And the relief that Plaintiffs seek—an injunction ordering the State to propose and implement a plan "to ensure that *all* indigent criminal defendants and juvenile respondents in the State of Missouri are provided with constitutionally adequate legal representation," Petition at 52 (emphasis added)—is necessarily systemic and wide-spread in nature.

2

The State Defendants argue repeatedly that since the putative class members have yet to be convicted and/or sentenced, they have not suffered a concrete "injury" under the Sixth Amendment.[2]  Doc. No. 63 at 5-7.  The parties have already briefed this precise issue for the State Defendants' motions to dismiss; this "injury" argument is meritless.  *See* Doc. No. 44 at 10-18*.*  More importantly, however, the question of whether Plaintiffs have suffered a legally-cognizable harm is a merits question and is irrelevant to the resolution of Plaintiffs' motion to certify a class.  The issue here is whether a common question exists—*not* whether the proposed class has proven that it is entitled to relief on the merits.  *See In re Zurn Pex Plumbing Prod. Liab. Litig*., 644 F.3d 604, 617 (8th Cir. 2011) ("While disputes about Rule 23 criteria may overlap with questions going to the merits of the case, the district court should not resolve the merits of the case at class certification.").

### B. The Proposed Class Representatives are Adequate and Typical

#### 1. Plaintiffs Church, Samuels, and Richman

Defendants essentially argue that three of the named Plaintiffs in this case are no longer members of the proposed class because their claims have been rendered moot.  Defendants are mistaken.  The execution of Plaintiff Shondel Church's sentence was suspended pending successful completion of 2 years of supervised probation.  *See* Case Docket, *State v. Church*, Case No. 16LF-CR00529-01, at 11/21/2016 Entry.  Plaintiffs have already explained how an individual on probation, such as Mr. Church, is still very much at risk of finding himself once again facing the prospect of jail time, particularly given the onerous terms of probation in his

---

[2] Defendants also argue that once the named plaintiffs are convicted and sentenced (like Plaintiff Church), they are barred from seeking prospective relief in this case.  As such, Defendants argue for a regime under which indigent defendants who are being systematically deprived of constitutionally-sufficient representation, and who seek prospective relief to redress that harm, have no legal remedy.

3

case. *See* Doc. No. 44 at 18-19. While Plaintiff Dorian Samuels has pled guilty in his criminal case, he has not been sentenced yet, and thus is still constitutionally entitled[3] to the assistance of counsel for the sentencing phase of his case. *See* Case Docket, *State v. Samuels*, 16AO-CR00722-01, at 5/22/2017 Entry. And Brian Richman was sentenced to long-term drug treatment pursuant to Mo. Rev. Stat. § 217.362, which provides that "[f]ailure of an offender to complete the program shall cause the offender to serve the sentence prescribed by the court and void the right to be considered for probation on this sentence." Mo. Rev. Stat. § 217.362.4. Richman's situation—a specialized probationary sentence—is analogous to Church's because Richman faces the concrete risk of a future court hearing to determine whether he should be removed from the long-term treatment program and incarcerated.

Furthermore, any potential mootness issues that arose for certain Plaintiffs after the filing of the motion for class certification demonstrate that this case falls under the "capable of repetition yet evading review" doctrine. With respect to class certification, "[w]hen the claim on the merits is 'capable of repetition, yet evading review,' the named plaintiff may litigate the class certification issue despite loss of his personal stake in the outcome of the litigation." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398 (1980). This rule applies where "state officials will undoubtedly continue to enforce the challenged [policy] and yet, because of the passage of time, no single challenger will remain subject to its restrictions for the period necessary to see such a lawsuit to its conclusion." *Sosna v. Iowa*, 419 U.S. 393, 400 (1975). For example, where a class action lawsuit challenges a State's pre-trial detention procedures:

> Pretrial detention is by nature temporary, and it is most unlikely that any given individual could have his constitutional claim decided on appeal before he is either released or convicted. The individual could nonetheless suffer repeated

---

[3] *See Mempa v. Rhay*, 389 U.S. 128, 133-34, 137 (1967) (right to counsel applies to sentencing hearing).

4

> deprivations, and it is certain that other persons similarly situated will be
> detained under the allegedly unconstitutional procedures. . . It is by no means
> certain that any given individual, named as plaintiff, would be in pretrial
> custody long enough for a district judge to certify the class. Moreover, in this
> case the constant existence of a class of persons suffering the deprivation is
> certain.

*Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975).

As in *Gerstein*, for many potential plaintiffs in this case, the criminal plea-bargaining process will move much faster than this civil action. And given that many sentences involve some element of probation, house arrest, or mandated treatment, many putative class members will end up serving some sort of "conditional" sentence that carries the risk of future imprisonment, should the offender not satisfy a particular set of conditions. Furthermore, as in *Gerstein*, it is undeniable that whatever happens with respect to the named plaintiffs, "in this case the constant existence of a class[4] of persons suffering the deprivation is certain." *Id.*

Finally, the State Defendants appear to suggest that Missouri Supreme Court Rule 29.07(b)(4) has somehow rendered moot the claims of Church, Samuels, and Richman. The purpose of a 29.07(b)(4) hearing is not to adjudicate the merits of an individual's ineffective assistance of counsel claims, however. As the Missouri Supreme Court held, "[t]he defendant is not asked to make a determination as a matter of law of counsel's effectiveness during the Rule 29.07(b)(4) inquiry." *State v. Driver*, 912 S.W.2d 52, 55 (Mo. 1995).

### 2. **Plaintiff Bowman**

The State Defendants argue that Plaintiff Viola Bowman's claim is atypical because "she is being represented by the managing attorney charged with providing training and supervision to the defenders in his district." Doc. No. 62 at 11. The State Defendants do not explain why that

---

[4] Indeed, Defendants do not contest that an identifiable proposed class exists, and that the proposed class satisfies the "numerosity" requirement of FRCP 23.

5

fact is relevant. Presumably, the State Defendants would have the Court assume that Ms. Bowman's public defender is "better" than the average public defender, or has more time and resources available to represent her. But Defendants have not offered any evidence to demonstrate that Ms. Bowman's attorney is somehow distinguishable from a typical public defender in Missouri with respect to his ability to provide constitutionally-sufficient representation. Additionally, as Plaintiffs have alleged in their Petition, even the most competent public defender would be unable to offer adequate representation to his or clients in light of the deep and longstanding deficiencies in Missouri's indigent defense system. Finally, the State Defendants do not rebut the specific, detailed allegations in Plaintiffs' Petition that document how Ms. Bowman's attorney has not been able to represent her in an effective and responsive way. *See* Petition ¶¶ 170-181.

The State Defendants also state that "it is unclear whether [Bowman's] claims are still pending," in light of the fact that the judge in her case has refused to lower her bail. Putting to one side how it could be that continued pre-trial incarceration makes an adequately-resourced defense less, rather than more, important, the Petition makes it clear that Ms. Bowman's claim—like the other named Plaintiffs' claims—concerns much more than just a bond issue. *See, e.g.*, Petition ¶ 175 ("Since taking over the case, other responsibilities, including other cases, have prevented Mr. Cardarella from remaining in consistent contact with Ms. Bowman. Over the course of the more than two years Ms. Bowman has been in pretrial detention, she has met with her attorney an average of once every two months for approximately 10-15 minutes per meeting."). Ms. Bowman remains in pretrial detention in part because Mr. Cardarella is too overwhelmed with other cases to move her case along toward trial. And Mr. Cardarella's

6

inability to devote sufficient time to the case prejudices Ms. Bowman by creating the harms Plaintiffs have identified as common to the entire class.

### 3. Plaintiff Dalton

With respect to Plaintiff Randal Lee Dalton, the State Defendants argue that Mr. Dalton's claim is atypical because he is "a physically disabled, mentally impaired man." Doc. No. 63 at 11. The State Defendants do not, and could not, explain how Mr. Dalton's physical disability would be relevant in this case. And while the State Defendants suggest that a mental illness would make Mr. Dalton's case atypical, mental disabilities among prisoners, including in pretrial detention, is quite common. *See, e.g.*, Office of Justice Programs, U.S. Dep't. of Justice, Mental Health Problems of Prison and Jail Inmates 1 (Sept. 2006, revised Dec. 2006), *available at* https://www.bjs.gov/content/pub/pdf/mhppji.pdf ("At midyear 2005 more than half of all prison and jail inmates had a mental health problem . . . .") (last accessed July 20, 2017). Additionally, courts have certified class actions comprised ***entirely*** of mentally ill persons in other cases. *See, e.g.*, *Braggs v. Dunn*, 317 F.R.D. 634, 673 (M.D. Ala. 2016) (certifying class "of all persons with a serious mental-health disorder or illness who are now, or will in the future be, subject to defendants' mental-health care policies . . . ."). The State Defendants' argument, if accepted, would effectively shut the courthouse door to classes of people living with mental disabilities, which is surely contrary to the spirit of FRCP 23. Finally, the State Defendants speculate that Mr. Dalton "likewise may have no live claim for ineffective assistance" because he has been released on bond pending his trial. Doc. No. 63 at 12. But Dalton's pre-trial release does not affect the fact that he is still facing criminal charges, awaiting trial, and thus still enjoys the constitutional right to counsel. Mr. Dalton continues to suffer the ongoing harm that results when public defenders are overworked and under-resourced.

## II. PLAINTIFFS HAVE SATISFIED RULE 23(b)

A class must satisfy one of FRCP 23(b)(1), (2), or (3). As Plaintiffs explained in their opening brief, the proposed class satisfies both subsections (1) and (2).

### A. The Proposed Class is "Cohesive"

"The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them" with a single injunction or declaratory judgment. *Dukes*, 564 U.S. at 360 (quotation omitted). A class lacks cohesion only "when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Id*. In this case, a 23(b)(2) class would be proper because Plaintiffs seek comprehensive equitable relief that affects the Missouri public defender system ***as a whole***. They are not seeking individualized relief that depends upon the particular circumstances of their unique cases. Thus, the individual circumstances of each defendant's criminal case are not relevant to the 23(b)(2) inquiry, and there is no danger of class members demanding personalized injunctive relief.

Defendants argue that because all class members would be bound without the option to opt-out, class members stand to lose "their ability to bring an ineffective assistance claim of their own in the future." Doc. No. 63 at 13. But that argument wrongly conflates Plaintiffs' demand in this case for prospective, class-wide relief to ensure compliance with the Sixth Amendment going forward, and any individual retrospective relief (*i.e.* a new trial) that Plaintiffs may seek in their criminal cases, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). The Supreme Court has made abundantly clear that class members in a systemic injunctive class action are not barred from later filing individual claims that arise out of the same factual predicate as the systemic class action. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 880 (1984)

8

(holding class action alleging pattern or practice discrimination did not bar class members from filing individual discrimination suits).

### B. The Proposed Class Satisfies Rule 23(b)(1)(B)

The State Defendants further argue for a narrow interpretation of the "common fund" principle. But while a monetary common fund is a common way to satisfy Rule 23(b)(1)(B), it is not the only way. The inquiry, under Rule 23(b)(1)(B), is ***not*** whether Plaintiffs bring what State Defendants call a "true" common fund case, but rather whether "adjudications with respect to individual class members [], as a practical matter, would . . . substantially impair or impede [other indigent criminal defendants'] ability to protect their interests." Fed. R. Civ. P. 23(b)(1)(B).

It is undeniable that the time and resources available to the MSPD are finite resources, to be rationed out to indigent defendants across the state.[5] And the allegations in the Petition amply demonstrate that MSPD's resources have been stretched so thin that it cannot adequately serve its clients. *See* Petition, at ¶¶ 33-116. Only systemic, class-wide relief can ensure that all indigent defendants in Missouri have access to counsel with the time, expertise, and resources required to render public defense services that meet constitutional standards.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court certify the proposed class under Fed. R. Civ. P. 23.

---

[5] Defendants' opposition points out that the budget and headcount for the Missouri Public Defenders has increased over the last two decades. But that fact, in isolation, does not rebut the specific allegations in Plaintiffs' Complaint. Nor does the State's 1994 budget provide useful information about the problems currently plaguing the public defender system in Missouri.

9

Case 2:17-cv-04057-NKL   Document 68   Filed 07/20/17   Page 13 of 15

/s/ Anthony E. Rothert
Anthony E. Rothert
Missouri Bar #44827
ACLU OF MISSOURI FOUNDATION
906 Olive Street, Suite 1130
St. Louis, MO 63101
Telephone: (314) 652-3114
Facsimile: (314) 652-3112
Email: arothert@aclu-mo.org

Gillian Wilcox
Missouri Bar #61278
ACLU OF MISSOURI FOUNDATION
406 West 34th Street, Suite 420
Kansas City, MO 64111
Telephone: (816) 470-9933
Facsimile: (314) 652-3112
Email: gwilcox@aclu-mo.org

Jason D. Williamson*
ACLU FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004

Mae C. Quinn
Missouri Bar #61584
Amy Breihan
Missouri Bar #65499
MACARTHUR JUSTICE CENTER AT ST. LOUIS
3115 South Grand Boulevard, Suite 300
St. Louis, MO 63118
Telephone: (314) 254-8540
Facsimile: (314) 254-8547
Email: mae.quinn@macarthurjustice.org

Robert Sills*
Aaron Scherzer*
Matthew R. Shahabian*
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019

Evan Rose*
Easha Anand*
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105

*Admitted *Pro Hac Vice*

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2017, a true and correct copy of the foregoing document was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

/s/ Anthony E. Rothert

11

Case 2:17-cv-04057-NKL   Document 68   Filed 07/20/17   Page 15 of 15