IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SHONDEL CHURCH, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 17-04057-CV-C-NKL |
| STATE OF MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

**STATE DEFENDANTS' MOTION FOR REALIGNMENT
OF MISSOURI STATE PUBLIC DEFENDER DEFENDANTS**

Defendants State of Missouri and Governor Eric Greitens ("State Defendants") request that the Court realign defendants Michael Barrett, H. Riley Bock, Charles R. Jackson, Craig Chval, and A. Crista Hogan ("MSPD Defendants") as plaintiffs for the purposes of this litigation. The actual legal interests of the MSPD Defendants mirror those of the Plaintiffs—they both desire additional funding for MSPD.

**ARGUMENT**

A bedrock requirement of Article III is that each side of the case has real, conflicting legal interests—that they be adverse. U.S. Const. art. III, § 2. When a suit makes rivals out of parties with the same interests, it violates those demands. Where plaintiffs name defendants without interests adverse to their own, realignment is the doctrine that allows courts to maintain order

and to prevent illusory and collusive litigation. *See generally* Debra Lyn Bassett & Rex R. Perschbacher, *Realigning Parties*, 2014 Utah L. Rev. 109 (2014). Here, the legal interests of the MSPD Defendants exactly mirror those of Plaintiffs. Realignment is a direct and necessary response to that violation.

## I. The Eighth Circuit will realign a defendant if it has no actual or substantial conflict with the plaintiff.

Where there is no real cause of action asserted against a "nominal defendant," the realignment doctrine "permits and requires [that] a nominal defendant to be treated as a plaintiff." *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 80 (1941); *see also Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (citing *City of Indianapolis*) (reiterating that realignment is proper when the court finds that no actual, substantial controversy exists between parties on one side of the dispute and their named opponents). Thus, the solution to a lack of controversy between opposing parties is a realignment of those parties by the courts "on the basis of their actual legal interests and the apparent results to them, if the object sought to be accomplished by the litigation is successful." *Thomson v. Butler*, 136 F.2d 644, 647 (8th Cir. 1943).

The Eighth Circuit favors the "substantial controversy" test for realignment analysis. *Clearwater Ins. Co. v. Doe Run Res. Corp.*, 2017 WL

840541, at *7 (E.D. Mo. Mar. 3, 2017) (citing *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966)). Under that test, courts must determine whether there is an actual or substantial conflict between the adverse litigants; such a conflict reinforces the validity of the initial alignment. *Trane*, 657 F.2d at 149. Consistent with *Thomson*, the alignment under this test is governed by the parties' "real interest" in the dispute. *Niles-Bement-Pond Co. v. Iron Moulders' Union*, 254 U.S. 77, 81 (1920).

## II. There is no actual or substantial conflict between Plaintiffs and the MSPD Defendants.

Plaintiffs' requested relief—and their "real interest"—lies in the augmentation of the state's public defender system. That *very same interest* has already been asserted by the MSPD Defendants in a separate case against the Missouri Governor. Given that the MSPD Defendants have already engaged in lengthy litigation in an effort to obtain the precise result sought here by Plaintiffs, the alignment of those parties' interest is clear.

In addition, the MSPD Defendants have conducted themselves in this litigation as though their interests are being advanced, and not impeded, by Plaintiffs. The MPSD Defendants have been largely passive—there has been little fighting by the MSPD Defendants, much less any genuine need to do so. All signs in this case point to the MSPD Defendants sharing the interests of Plaintiffs in violation of Article III.

3

### a) MSPD Defendants have already asserted Plaintiffs' claims.

The MSPD Defendants previously filed a suit against the Missouri Governor built upon the very same issues present in this case. *See Barrett v. Greitens*, 2017 WL 6453618 (Mo. App. 2017) (pending ruling on application to transfer to Missouri Supreme Court). The Public Defender plaintiffs in that case (the MSPD Defendants in this case) argued that the prior Governor violated the Missouri Constitution in several respects when he withheld funds appropriated for the Public Defender's Office. *Id.* at *1. In particular, the Public Defender argued that "the withholding impermissibly interfered with its performance of its constitutional function to defend indigents charged with crimes." *Id.* at *5. The Court rejected all of the Public Defender's claims. *Id.* at *4, 6, 8.

The thrust of the claims the MSPD Defendants made in *Barrett v. Greitens* is also the thrust of the claims made by the Plaintiffs in this case— the Public Defender is not being provided with sufficient resources to meet its constitutional function to defend indigents charged with crimes. In short, if Plaintiffs are successful in this case, the MSPD Defendants will achieve what they sought in *Barrett v. Greitens*.

### b) The MSPD Defendants conduct in this case demonstrates that their present objectives match those of Plaintiffs.

The litigating posture of the MSPD Defendants in this case also indicates a significant lack of adversity between them and Plaintiffs. In particular, the disparity between the activity of the MSPD Defendants and every other party is stark.

There have been roughly 130 docket entries so far in this case. That volume only renders MSPD Defendants' relative inaction more glaring. They enter the docket of their own volition only nine times: once joining with the State Defendants in the Notice of Removal, once for their Answer, once for their initial disclosures, and then six times pertaining to required discovery responses. ECF 2, 17, 25, 50, 60, 90, 95, 122, 124. The MSPD Defendants have issued no requests for written discovery and no notices to take depositions. Given that discovery closed December 22, 2017, it is apparent that the MSPD Defendants had no intention of propounding discovery. The MSPD Defendants have also filed nothing in opposition to anything filed by Plaintiffs, including the motion for class certification. The conduct of the MSPD Defendants is not that of true defendants.

The MSPD Defendants' Answer further demonstrates their *laissez-faire* approach. In response to a Petition with 226 numbered paragraphs, the MSPD Defendants provide substantive responses only a handful of times.

5

ECF 17. There are only three direct denials of specific alleged facts. ECF 17 (paras. 80, 95, 136). Their affirmative defenses amount to little more than deflections of blame toward the State, constituting nearly nothing in the way of actual defense. ECF 17 (pp. 26-27).

Instead, MSPD Defendants vaguely call this Court to direct its attention to unidentified external documents that may contain the answers they might seemingly possess. *See e.g.*, ECF 17 (paras. 39-44). Most other paragraphs state that the MSPD Defendants are without sufficient information or knowledge to respond. ECF 17 (*passim*). On a few occasions, the MSPD Defendants actually emphasize Plaintiffs' allegations of inadequate support of the Public Defender's Office by the State. ECF 17 (paras. 28, 45, 64).

The MSPD Defendants have only satisfied the bare minimum required of them in this case. Their answer specifically denies little. They have not initiated any discovery. They have not opposed substantive motions filed by Plaintiffs. Whether taken individually or altogether, these are not the actions of a properly aligned defendant. Perhaps even more notably, Defendant Barrett has often made public comments suggesting that the ills he sees from perceived inadequate resources provided to MSPD (similar to the ills asserted in this lawsuit) can be remedied by legal action against the state by criminal defendants (legal action like this lawsuit). *See "Missouri's*

6

*Public Defender System Struggles with Funding Issues, Caseloads and Politics*", Sequence Media News (July 15, 2015) <http://www.sequencemedianews.com/the-lbn-blog/2015/7/15/missouris-public-defender-system-struggles-with-funding-issues-caseloads-and-politics>; "*Missouri Public Defender Warns Department in Crisis*", Associated Press (Feb. 22, 2016) <http://abcstlouis.com/news/local/missouri-public-defender-warns-department-in-crisis-02-22-2016-215413442>; Michael Barrett, "*Using Caseload Standards, Time Logs, and Other Tools to Get Public Defender Funding*" (June 3, 2016) <http://www.publicdefenders.us/blog_home.asp?display=19>.

## CONCLUSION

The actual interests of both Plaintiffs and the MSPD Defendants are so identical as to eliminate any genuine controversy between them—if Plaintiffs win, MSPD Defendants win. As evidenced by their prior lawsuit, the MSPD Defendants are looking for the same result in this case as are Plaintiffs—more resources for the Public Defender to represent indigent criminal defendants. The MSPD Defendants' conduct in this case also leads to the conclusion that they want Plaintiffs to take over the burden of advocating for that result. As such, the proceedings pursuant to this alignment lack any genuine controversy, and exist in a manner that violates the constitutional requirements that govern this Court. Accordingly, the State Defendants

7

request that this Court realign MSPD Defendants as Plaintiffs for the purposes of this litigation.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Missouri Attorney General


/s/ *Laura E. Elsbury*
Laura E. Elsbury, #60854
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65101
(573) 751-8795 Phone
(573) 751-9456 Fax

*Attorneys for State Defendants*
*State of Missouri and Eric Greitens*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of January, 2018, the foregoing was e-filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties of record.

*/s/ Laura E. Elsbury*
Laura E. Elsbury
Assistant Attorney General
