IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHONDEL CHURCH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-04057-CV-NKL |
| ) | |
| STATE OF MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**SUGGESTIONS IN OPPOSITION TO STATE DEFENDANTS' MOTION FOR REALIGNMENT OF MISSOURI STATE PUBLIC DEFENDER DEFENDANTS**

COME NOW Defendants Michael Barrett, H. Riley Bock, Charles R. Jackson, Craig Chval, and A. Crista Hogan (MSPD Defendants), by and through attorney of record, and respectfully submit the following Suggestions in Opposition to State Defendants' Motion for Realignment of Missouri State Public Defender Defendants. For the reasons set forth herein, MSPD Defendants assert that realignment is improper and without legal basis.

**ARGUMENT**

**I.   Realignment is a tool used to ensure proper federal court jurisdiction.**

Realignment is not a goal in and of itself; realignment is used in order to ensure proper federal court jurisdiction. "[W]here party designations have jurisdictional

1

consequences under the relevant federal jurisdiction statute . . . the principle of "realignment" obliges the court to penetrate the nominal party alignment and to consider the parties' actual adversity of interest for purposes of determining whether there is a statutory basis for jurisdiction." In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1241 (3d Cir. 1994). In cases involving realignment, the moving party claims that when the parties are aligned according to their substantive interests, the basis of federal jurisdiction disappears and the case should thus be remanded or dismissed.

This case is not a case wherein party designations have jurisdictional consequences. Jurisdiction in this case is based upon 28 U.S.C. §1331 due to Plaintiffs' claimed violations of their federal constitutional rights and upon supplemental jurisdiction under 28 U.S.C. §1367. While originally filed in state court, State Defendants, joined by MSPD Defendants, sought removal to federal court on these grounds. Jurisdiction under these sections does not in any way depend upon the substantive alignment of the parties.

State Defendants have not asserted how federal jurisdiction is impacted by the current configuration of parties nor how it would be impacted if MPSD Defendants were aligned as plaintiffs. Further, State Defendants have not requested dismissal or remand of this action upon what they claim is a proper alignment of the parties. State Defendants seek to use a tool designed to ensure proper federal court jurisdiction in a manner that would have no impact upon jurisdiction.

## II. The actual legal interests of Plaintiffs and MSPD Defendants are not the same, and in fact are adverse in several instances.

Even if this were a proper type of case for the application of realignment, changing MSPD Defendants to plaintiffs would not be warranted or appropriate. The Eighth Circuit has adopted "the actual and substantial conflict" test for determining whether realignment of parties is required. Clearwater Ins. Co. v. Doe Run Res. Corp., 4:16CV195 HEA, 2017 WL 840541 (E.D. Mo. Mar. 3, 2017). "Under this standard, it would not defeat jurisdiction if there were no statutory basis for jurisdiction on the primary issue in the litigation, as long as the statutory elements of jurisdiction were present on any other 'substantial' issue." In re Texas E. Transmission Corp. PCB Contamination Ins. Coverage Litig., 15 F.3d 1230, 1241 (3d Cir. 1994). In the instant case, there are many actual and substantial conflicts existing between Plaintiffs and MSPD Defendants.

MSPD Defendants' interests, whether in this lawsuit or elsewhere, is in the adequate resourcing of MSPD so that attorneys can provide representation to clients consistent with state and federal constitutional mandates and in conformity with the Rules of Professional Conduct. Plaintiffs' interest is in ensuring their constitutional rights are being met, by whatever means. As an example of where these interests diverge, several MSPD offices have begun a practice of placing clients on wait lists until the workload of an attorney in that office has reduced to a level at which the attorney can adequately and ethically represent a new client. This practice often results in indigent defendants being left incarcerated with no one to advocate on their behalf for several weeks or more. This

3
Case 2:17-cv-04057-NKL   Document 140   Filed 01/31/18   Page 3 of 7

practice meets MSPD's interest in ensuring clients for whom representation has been undertaken have an attorney with adequate time and resources to provide effective representation. It also protects MSPD attorneys from complaints under the Missouri Rules of Professional Conduct. However, it does not meet the interests of those indigent defendants whom Plaintiffs are seeking to represent as a class in that they are not provided an attorney at the early stages of the case as constitutionally required.

Additionally, despite State Defendants' representations to the contrary, the goals of Plaintiffs in this case do not mirror those of MSPD Defendants. According to State Defendants both Plaintiffs and the MSPD Defendants desire additional funding for MSPD. State Defendants also claim that Plaintiffs' requested relief "lies in the augmentation of the state's public defender system."

This simply is not true. As is apparent from the face of the Petition, Plaintiffs want a "plan to ensure that all indigent criminal defendants and juvenile respondents in the State of Missouri are provided with constitutionally adequate legal representation." ECF 1-2 (pg. 52). They do not ask the Court to order the State to adequately fund nor do they request augmentation of the public defender system. They ask that indigent defendants and juvenile respondents get what they are guaranteed under the constitutions of the United States and the State of Missouri: adequate legal representation. One can think of many resolutions to the alleged violations of Plaintiffs' constitutional rights that do not involve granting additional funding to MSPD or augmenting the system. And many of those possible resolutions could be adverse to the interests of MSPD.

4
Case 2:17-cv-04057-NKL Document 140 Filed 01/31/18 Page 4 of 7

State Defendants also claim that the issues presented in this case are identical to the issues in Barrett v. Greitens, 2017 WL 6453618 (Mo. App. 2017). This is not accurate. The issue in that case is the constitutionality of the Governor's withholding of appropriations to a separate branch of government. It has nothing to do with the adequate funding of the public defender system. MSPD Defendants made no claim in that litigation that the Governor's withholding resulted in inadequate funding; the appropriation, even prior to the withholding, was inadequate. Rather, the claim was that the withholding of that money further impeded MSPD in carrying out its function of providing representation to indigent defendants. Despite State Defendants' claims, Plaintiffs' success in this case would not achieve what MSPD Defendants sought in Barrett v. Greitens; this case has nothing to do with whether the Governor constitutionally can withhold funds the legislature has appropriated to MSPD.

### III. State Defendants misunderstand or mischaracterize strategic decisions on the part of MSPD Defendants as failure to defend.

Presumably as further evidence that there exists no actual or substantial controversy between Plaintiffs and MSPD Defendants, State Defendants point to what they characterize as passivity and inaction on the part of MSPD Defendants. That MSPD Defendants have chosen not to admit or deny certain factual allegations in the petition or to raise defenses they believe are non-meritorious does not mean that MSPD Defendants and Plaintiffs are without actual and substantial controversy as discussed in Section II above. Nor does the fact that MSPD Defendants chose not to waste valuable and scarce resources by filing unnecessary written discovery or by taking unneeded depositions;

5
Case 2:17-cv-04057-NKL   Document 140   Filed 01/31/18   Page 5 of 7

MSPD Defendants simply determined that there was no information in the hands of Plaintiffs that would be of assistance to them in defending against this litigation. Similarly, MSPD Defendants did not believe there was a need to request discovery or depositions from State Defendants.

What may appear to State Defendants, who have had no fewer than five attorneys enter this case, to be passivity or inaction on the part of MSPD Defendants, who have only one attorney representing them, is in actuality the result of the fact that MSPD Defendants are not resourced to the same extent as the other parties for the undertaking of complex civil litigation. Answering interrogatories not only from Plaintiffs, but also from the other defendants in this lawsuit, as well as providing in excess of 63,000 pages of documents and defending 17 depositions, all in the course of four months, has certainly not appeared to be passivity or inaction from the standpoint of MSPD Defendants.

## CONCLUSION

The State Defendants' request to realign MSPD Defendants as plaintiffs in this case is without a legal basis. Realignment is used in circumstances where federal court jurisdiction is predicated upon the alignment of the parties. This is not such a case. Whether MSPD Defendants are plaintiffs or defendants, jurisdiction in this court is proper under 28 U.S.C. §1331 and §1367. However, even if there were a legal basis for requesting realignment, the circumstances of the case are such that realignment would not be appropriate. There is a real controversy between Plaintiffs and MSPD Defendants on

substantial issues in this case. Therefore, MSPD Defendants request the Court deny State Defendants' Motion to Realign.

>Respectfully submitted,
>
>/s/ Jacqueline D. Shipma
>JACQUELINE D. SHIPMA
>General Counsel
>Missouri Bar No. 36883
>Missouri State Public Defender
>Woodrail Centre
>1000 West Nifong, Building 7, Suite 100
>Columbia, Missouri 65203
>Telephone: (573) 526-5212
>Fax: (573) 777-9975
>Jacqueline.Shipma@mspd.mo.gov
>
>ATTORNEY FOR DEFENDANTS
>BARRETT, BOCK, JACKSON,
>CHVAL, AND HOGAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2018, the foregoing was e-filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties of record.

>*/s/ Jacqueline D. Shipma*
>Jacqueline D. Shipma
>General Counsel