IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHONDEL CHURCH, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-04057-CV-NKL |
| ) | |
| STATE OF MISSOURI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MSPD DEFENDANTS' SUGGESTIONS IN OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY

COME NOW Defendants Michael Barrett, H. Riley Bock, Charles R. Jackson, Craig Chval, and A. Crista Hogan (MSPD Defendants), by and through attorney of record, and respectfully submit the following Suggestions in Opposition to State Defendants' Motion to Stay.

### ARGUMENT

Nearly five months after appealing this Court's denial of their Motion to Dismiss, after having propounded Interrogatories and Requests for Production of Documents to both Plaintiffs and MSPD Defendants, after having noticed up the depositions of three of their own witnesses, after having served a Fed. R. Civ. P. 30(b)(6) deposition notice on MSPD Defendants which resulted in the taking of three depositions, and after having actively participated in the depositions of 15 other individuals, State Defendants now ask

1

the Court to stay this proceeding pending that appeal. For the reasons set forth herein, MSPD Defendants assert that the Motion to Stay should be denied.

### I. This Court is not divested of jurisdiction pending the appeal of the ruling on State Defendants' Motion to Dismiss.

A district court is divested of jurisdiction during the appeal of a denial of immunity in cases involving Eleventh Amendment immunity or in cases involving state immunity from suit. *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp.2d 1086 (W.D. Mo. 1999). State Defendants waived Eleventh Amendment immunity when they removed this case to federal court. *Lapides v. Bd. Of Regents*, 535 U.S. 613 (2002). Therefore, only if this case involves state-law sovereign immunity would the Court be divested of jurisdiction.

Under Missouri law there is no sovereign immunity in cases seeking prospective relief to enforce a duty or obligation of the State. *Wyman v MO Department of Mental Health*, 376 S.W.3d 16, 23 (Mo. Ct. App. W.D. 2012). The relief requested in this case is prospective and equitable, aimed at requiring the State to fulfill its obligations to provide for indigent defense under the Sixth Amendment and the state constitution. Therefore, under Missouri law there is no sovereign immunity.

Because this case involves neither Eleventh Amendment immunity nor state-law sovereign immunity, this Court is not divested of jurisdiction pending State Defendants' appeal.

## II. District court is not divested of jurisdiction during the pendency of an appeal when the district court finds the appeal is frivolous.

Even if this were a case involving Eleventh Amendment or state-law sovereign immunity, if the district court certifies that the appeal is frivolous, jurisdiction in the district court is not divested and the case may proceed during the pendency of the appeal. *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177,184 (7th Cir. 1983). *See also Newhouse v. McCormick & Co. Inc.*, 130 F.3d 302 (8th Cir. 1997). When presented with a Motion to Stay in the instant circumstances, the district court must determine whether the appeal is "'utterly lacking' in merit" by reconsidering its analysis of the issues presented in the Motion to Dismiss. *Root v. Liberty Emergency Physicians, Inc.*, 68 F. Supp.2d 1086, 1090 (W.D. Mo. 1999).

Such a reconsideration would result in the determination that State Defendants' appeal is without merit. As indicated above, the law is clear that State Defendants cannot assert an Eleventh Amendment immunity claim given that they removed this case to federal court. Missouri law is equally clear that the State does not have sovereign immunity in cases requesting prospective relief requiring the State to fulfill a constitutional obligation. Because he was sued in his official capacity, not personally, Governor Greitens would only have that immunity derived from the State. Since the State does not have sovereign immunity in this case, neither does Governor Greitens. *See Edwards v. NcNeill*, 894 S.W.2d 678, 682 (Mo. Ct. App. W.D. 1995). Governor Greitens

alleges legislative immunity as well; however, legislative immunity is not available to him because he is being sued in his official capacity, not personally. That legislative immunity is available only when officials are sued in their individual capacities is also well-established. *See Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir. 2009).

Given the state of the law on the issues presented by State Defendants' appeal, if this were a case where the Court would be divested of jurisdiction during appeal, it would be wholly appropriate for this Court to certify the appeal as "utterly lacking" in merit and thus proceed to trial.

## CONCLUSION

The Motion to Stay should not be granted. State Defendants' claims of sovereign immunity are without merit because, once they voluntarily removed this case to federal court, the only immunity available to the State, and to Governor Greitens whose official-capacity immunity derives from the State, is that based on state law. Missouri law is clear that a suit seeking prospective relief requiring the State to meets its duties and obligations, such as this case, is not barred by sovereign immunity. Although Governor Greitens claims legislative immunity, because he has not been sued personally, that immunity does not apply.

This case is not one in which divesture of jurisdiction pending appeal is applicable. However, even if it were, the Court does not have to stay if it finds the appeal is without merit. Because the law is so clearly against State Defendants' positions in the appeal, it should be considered meritless. Additionally, the State Defendants' delay in

4

requesting a stay for almost five months, during which time they aggressively participated in discovery, is evidence that they do not truly anticipate success in the appeal. If State Defendants truly believed they were immune from suit in this case, they would have taken steps earlier to prevent them from the burden of discovery.

MSPD Defendants respectfully request this Court to deny State Defendants' Motion to Stay.

Respectfully submitted,

*/s/ Jacqueline D. Shipma*
JACQUELINE D. SHIPMA
General Counsel
Missouri Bar No. 36883
Missouri State Public Defender
Woodrail Centre
1000 West Nifong, Building 7, Suite 100
Columbia, Missouri 65203
Telephone: (573) 526-5212
Fax: (573) 777-9975
Jacqueline.Shipma@mspd.mo.gov

ATTORNEY FOR DEFENDANTS
BARRETT, BOCK, JACKSON,
CHVAL, AND HOGAN

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2018, the foregoing was e-filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties of record.

*/s/ Jacqueline D. Shipma*
Jacqueline D. Shipma
General Counsel
