# Exhibit H



Ethical restrictions on attorney availability

**Rod Hackathorn**    to:   thomas.mountjoy@courts.mo.gov, david.jones@courts.mo.gov, calvin.holden@courts.mo.gov,    10/10/2017 08:25 AM

Cc:   Christopher Hatley

Your Honors,

I am sending you this email as my office, Area 31 of the Missouri State Public Defender System (MSPD), covers Greene, Christian, and Taney Counties. I am sure you all aware of the recent action taken by OCDC against a public defender and their recommendation that the attorney's license be disciplined due to his alleged failure to comply with the Rules of Professional Conduct. While the Supreme Court did not follow OCDC's recommendation to suspend the license of the attorney, OCDC's brief and oral argument, as well as individual justices' statements and questions, leave no doubt that public defenders cannot defend themselves against bar complaints with evidence of a high caseload. It was made clear that the Rules of Professional Conduct absolutely apply to public defenders and any breach of those Rules will subject the defender to action against their license to practice law.

The Supreme Court referenced Rule 4-1.7, which states in part that it is a conflict of interest "if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client[.]" MSPD recognizes that while each attorney is employed by the System, it is the individual and personal responsibility of each attorney to comply with the Rules of Professional Conduct. MSPD also recognizes that District Defenders, such as myself, and Deputy District Defenders, such as Mr. Hatley, also have a duty under the Rules to make sure that no attorney under their supervision violates the Rules. See 4-5.1(c). The Court has also held the Rules impose on all attorneys an ethical duty to provide effective assistance of counsel to all of their clients, and that attorneys violate those rules if they "accept [ ] a case that results in a caseload so high that it impairs [their] ability to provide competent representation, to act with reasonable diligence, and to keep the client reasonably informed." State ex rel. Mo. Pub. Def. Comm'n v. Waters, 370 S.W.3d 592, 607 (Mo. banc 2012)(citing Rules 4-1.1, 4-1.3 and 4-1.4).

The assistant public defenders of Area 31 have been instructed to notify myself or Mr. Hatley if they believe accepting any additional new clients would materially limit their responsibilities to an existing client so they might comply with the Rules of Professional Conduct. Additionally, both Mr. Hatley and myself have reviewed the caseload, case type, experience of each individual attorney and other factors such as travel of every assistant public defender in Area 31 to ensure there is no ethical violation as we have a specific obligation under the Rules to ensure those under our supervision do not violate the Rules.

The American Bar Association has previously weighed in on this issue. Formal Opinion 06-441, states in part "[i}f a lawyer believes that her workload is such that she is unable to meet the ethical obligations required of her in the representation of a client [...] she must decline the representation. A lawyer's primary ethical duty is owed to existing clients. (internal citation omitted) Therefore, a lawyer must decline to accept new cases[.]"

Last week, Mr. Hatley and myself had individual meetings with every attorney under our supervision. Each of them stated, and we concur, that their current individual caseloads create a conflict of interest with existing clients because they are forced to choose effective representation of one client to the detriment of other clients. It is also our belief that assigning any new cases to any individual attorney would create a conflict of interest because they would have no ability to adequately represent either their current or prospective clients.

Until one or more of the attorneys in our office are able to fully comply with their ethical obligations under the Rules of Professional Conduct, we will no longer be immediately entering into cases in which a defendant is qualified. When the Court refers the public defender to determine eligibility, our office will do so. We will continue to inform the Court if an applicant does not qualify. If the prospective client qualifies, we will also notify the court but will not assign an attorney until there is an attorney who can assume the representation without violating the Rules of Professional Conduct. We cannot

MSPD - 0039477

file an entry with an individual attorney's bar number if we and the attorney know that doing so violates the Rules of Professional Conduct. To be clear, there are no hidden agendas or motivations with regard to this decision. This is simply about ensuring all Area 31 public defenders are able to maintain their license to practice law without threat of discipline by OCDC.

We have started an internal wait list for defendants who qualify for representation but who do not yet have an attorney assigned to them. We will internally monitor attorney work load and the wait list and assign attorneys to cases based on custody status. We will be providing defendants on the wait list with a letter advising them they qualify and that we will notify them as soon as an attorney is available to take their case. Any current client who acquires additional cases will be represented by counsel of record and will not be placed on the wait list. Also, in the event two or more codefendant's apply for the public defender, we will not be seeking conflict counsel until an attorney is able to represent the defendant this office ultimately keeps.

It is my sincere hope the Court will adhere to its own duty and fidelity to the Rules and will support and work with our attorneys during this process. If you have any concerns, issues or thoughts please feel free to email or call myself or Mr. Hatley.

Regards,

Rod Hackathorn
District Defender
MO State Public Defender
630 N Robberson
Springfield, MO 65806
417-895-6740 ext. 227

MSPD - 0039478