# Exhibit I

IN THE MISSOURI COURT OF APPEALS
SOUTHERN DISTRICT

| | | |
|---|---|---|
| TODD WOODHAM, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | No. SD35211 |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**MOTION TO WITHDRAW DUE TO EXCESSIVE CASELOAD**

COMES NOW Ellen H. Flottman, District Defender, and moves to withdraw as counsel in this case because counsel is unable to provide ethical, effective and competent representation to appellant because of counsel's excessive caseload. In support, counsel submits:

1. Counsel is the District Defender of the Central Appellate Office of the Missouri State Public Defender System.

2. The Supreme Court of Missouri has held that the rules of professional conduct impose on all attorneys an ethical duty to provide effective assistance of counsel to all of their clients, and that attorneys violate these rules if they "accept[] a case that results in a caseload so high that it impairs [their] ability to provide competent representation, to act with reasonable diligence, and to keep the client reasonably informed." ***State ex rel. Mo. Pub. Def. Comm'n v. Waters***, 370 S.W.3d 592, 607 (Mo. banc 2012) (citing Rules 4-1.1, 4-1.3 and 4-1.4).

1

3. The Court has held that these duties apply not just to new clients, but to existing clients, "so that an attorney's acceptance of a new case violates Rule 4-1.7 if it compromises [his or] her ability to continue to provide effective assistance to [his or] her other clients." *Id*. "[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest, which exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." *Id*. at 607-08 (citing Rule 4-1.7(a)(2); internal quotation marks omitted). "[A] conflict of interest is inevitably created when a public defender is compelled by his or her excessive caseload to choose between the rights of the various indigent defendants he or she is representing." *Id*. at 608 (citation and internal quotation marks omitted).

4. Rule 4-1.16(a) provides, in relevant part, that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law[.]"

5. Furthermore, Rule 4-5.1 provides that a supervisor in a law firm "shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct." This duty requires the supervisor to "monitor the workloads of subordinate lawyers to ensure that the workload of each lawyer is appropriate. This involves consideration of the type and complexity of cases being handled by each lawyer; the experience and ability of each lawyer; the

2

MSPD_0039721

resources available to support [the lawyer]; and any non-representational responsibilities assigned to the subordinate lawyers." ABA Formal Opinion 06-441 at 7 (E76).

6. Undersigned counsel supervises nine attorneys – two of whom handle capital postconviction appeals and one of whom handles sexually violent predator appeals. Six of the ten attorneys have been in the office for less than two years, and three of them are in their very first non-clerkship law job.

7. Comment 2 to Rule 4-1.3 mandates that "[a] lawyer's work load must be controlled so that each matter can be handled competently."

8. The ABA itself does not endorse a specific numerical caseload standard, but requires that "[n]ational caseload standards should in no event be exceeded." *ABA Eight Guidelines of Public Defense Related to Excessive Workloads* (August 2009) at 8-9 (copy attached); ABA Formal Opinion 06-441 at 4 n. 10. The referenced national caseload standard calls for counsel to be assigned no more than 25 appeals per year. *ABA Eight Guidelines* at 9 n. 30.

9. The attorneys in this office are carrying the following caseloads:

Ellen Flottman (28 years experience): 71 open cases

William Swift (28 years experience, handles capital): 8 open cases

Amy Bartholow (20 years experience, handles capital): 16 open cases

Chelsea Mitchell (7 years experience, handles SVP): 25 open cases

Sam Buffaloe (6 years experience): 73 open cases

Casey Taylor (6 years experience): 45 open cases

| | |
|---|---|
| Jedd Schneider (1.5 years experience): | 50 open cases |
| Christian Lehmberg (1.5 years experience): | 45 open cases |
| Carol Jansen (6 months experience): | 36 open cases |
| Katie Curry (4 months experience): | 31 open cases[1] |

Undersigned counsel cannot ethically assign an attorney to Mr. Woodham's case.

10. Undersigned counsel, the individual attorneys in her office, and other Public Defender System attorneys are unable to accept representation of Mr. Woodham while also providing ethical, effective and competent representation to existing clients. Accepting new cases at this time would force her, the attorneys in her office, and other Public Defender System attorneys to choose amongst their clients as to whom to provide ethical, effective and competent representation. Doing so would force them to violate or risk violating Rules 4-1.1 (competence), 4-1.3 (diligence), 4-1.4 (communication), and 4-1.7 (conflict of interest), as well as the Sixth Amendment right to effective assistance of counsel.

11. Undersigned counsel is currently attorney of record. If counsel must represent appellant, counsel will be unable to comply with the Rules of Professional Conduct, and will be unable to fulfill counsel's constitutional obligations to provide effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Appellant will be denied his rights to ethical and competent counsel, effective assistance of counsel, conflict-free

---

[1] See table 1 attached.

4

Case 2:17-cv-04057-NKL   Document 142-10   Filed 02/01/18   Page 5 of 7

MSPD_0039723

counsel, right to a speedy appeal, and due process under the Rules of Professional Conduct and these federal and state constitutional provisions.

WHEREFORE, counsel respectfully requests that this Court grant her motion to withdraw.

12. Further affiant sayeth naught.

Respectfully submitted,

/s/ Ellen H. Flottman
_____
Ellen H. Flottman, Mo Bar No. 34664
Attorney for Appellant
1000 W. Nifong, Bldg. 7, Ste. 100
Columbia, MO 65203
Phone: 573-777-9977, Ext. 323
Fax: 573-777-9974
E-Mail: Ellen.Flottman@mspd.mo.gov

STATE OF MISSOURI )
) ss.
COUNTY OF BOONE )

On this 6th day of November, 2017, before me personally appeared Ellen H. Flottman, known to me to be the person who executed the foregoing Motion to Withdraw Due to Excessive Caseload, and acknowledged to me that she executed same for the purposes therein stated.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal, in Columbia, Missouri, the day and year first above written.

_____
Notary Public

My Commission Expires: _____

## Certificate of Service

I hereby certify that on this 6th day of November, 2017, the foregoing was placed for delivery through the Missouri e-Filing System to Shaun Mackelprang, Assistant Attorney General, at Shaun.Mackelprang@ago.mo.gov, and was mailed, postage prepaid, to Todd Woodham, Reg. No. 1020373, Algoa Correctional Center, 8501 No More Victims Road, Jefferson City, MO 65102.

/s/ Ellen H. Flottman
_____
Ellen H. Flottman

MSPD - 0039725