UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHONDEL CHURCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 17-04057-CV-C-NKL |
| | ) |
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Defendants. | ) |

**EXPERT REPORT OF STEPHEN GILLERS**

## TABLE OF CONTENTS

                                                                                                              **Page**

| | | |
|---|---|---:|
| I. | Assignment and Findings | 1 |
| II. | Qualifications and Background | 1 |
| III. | Compensation | 1 |
| IV. | Recent Testifying Experience | 1 |
| V. | Documents Considered | 2 |
| VI. | Core Ethical Duties | 2 |
| | A. The Duty to Provide Competent Representation | 2 |
| | B. The Duty to Communicate with the Client | 2 |
| | C. The Duty to Act Punctually and Diligently | 2 |
| | D. The Duty of Loyalty | 3 |
| VII. | Further Descriptions Of The Duty Of Competence | 3 |
| VIII. | Application Of Ethical Duties To Various Situations | 4 |
| | A. Situation 1 | 5 |
| | B. Situation 2 | 5 |
| | C. Situation 3 | 5 |
| | D. Situation 4 | 6 |
| | E. Situation 5 | 6 |
| | F. Situation 6 | 6 |
| | G. Situation 7 | 7 |
| | H. Situation 8 | 7 |
| | I. Situation 9 | 7 |
| | J. Situation 10 | 8 |
| | K. Situation 11 | 8 |
| | L. Situation 12 | 8 |
| IX. | Oath | 9 |

## I. ASSIGNMENT AND FINDINGS

I have been asked to opine about the background ethical rules governing the provision of legal services to indigent defendants, in criminal cases, in the State of Missouri.

## II. QUALIFICATIONS AND BACKGROUND

I am a professor at the New York University School of Law and have spent 39 years teaching, speaking, and writing about the ethical obligations of lawyers. My curriculum vitae is available at

http://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.full_cv&personid=19943. A list of my publications is available at

http://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.publications&personid=19943.

## III. COMPENSATION

I am not being compensated for the time I spent working on this case, but will be reimbursed for travel expenses.

## IV. RECENT TESTIFYING EXPERIENCE

I have testified as an expert at trial or deposition in one case in the last four years. That case was before JAMS (an arbitration) and is entitled *Ruby v. Allen Matkins*. I was retained in 2014 and testified at a deposition. The lawyer and firm retaining me on behalf of Mr. Ruby was Dale Kinsella of Kinsella Weitzman in Santa Monica, CA.

I am scheduled to testify in a case in federal court in the Eastern District of New York in October or November of 2017. I have not been deposed in that case.

## V. DOCUMENTS CONSIDERED

In preparing this report, I consulted the ABA Model Rules of Professional Conduct and the Missouri Rules of Professional Conduct. In addition to the document considered, I rely on my experience in the field of legal ethics as described on my resume.

## VI. CORE ETHICAL DUTIES

There are certain core ethical duties that all lawyers, including public defenders, owe to their clients.

### A. The Duty to Provide Competent Representation

A lawyer is ethically obligated to render competent representation. Competence requires that a lawyer who is representing a client in a matter before a tribunal to (a) know or have the time and ability to discover the governing substantive, procedural, and evidentiary laws associated with the matter; (b) investigate the facts of the matter and have the time and resources to do so; and (c) exercise a level of care, skill and judgment in making decisions in the matter based on the law and the facts that the lawyer has identified. Competence requirements are further described *infra*.

### B. The Duty to Communicate with the Client

A lawyer is ethically obligated to assist a client in making informed decisions that the client is entitled to make about the matter, to promptly respond to a client's reasonable requests for information about the matter, and to keep the client reasonably informed about the matter's status even without being asked. These ethical duties take time and a lawyer must have the time needed to fulfill them.

### C. The Duty to Act Punctually and Diligently

A lawyer is obligated to act with reasonable promptness in seeking to achieve the client's objectives. Lack of diligence and failure to communicate are among the most frequent reasons

2

for client complaints to disciplinary agencies. Furthermore, lack of diligence can lead to a loss of rights.

### D. The Duty of Loyalty

A lawyer is obligated (a) to avoid conflicts of interests whereby the interests of other clients or the lawyer's own interests present a significant risk that the lawyer's representation of a client will be materially limited; and (b) to obtain informed client consent confirmed in writing when such conflicts emerge. A lawyer must have the knowledge needed to discover the existence of such conflicts, including conflicts that the governing rule imputes to the lawyer because of the conflicts of other lawyers with whom the first lawyer is associated.

## VII. FURTHER DESCRIPTIONS OF THE DUTY OF COMPETENCE

In a criminal case, competent representation requires time—often much time—for the defense lawyer to be able to gather information, where indicated, concerning (a) the client generally; (b) the client's response to the charging instrument; (c) the client's response to information from others who will testify or whom the lawyer has interviewed; and (d) the client's investigative recommendations, including the identity of possible witnesses whom the defense lawyer should interview. The lawyer will often have to return for subsequent client interviews as new information emerges.

Time, skill, and funds must exist for the defense lawyer to identify and confer with consulting or testifying experts and to learn their specialized knowledge sufficient both to conduct a direct examination and to cross-examine any expert called by the prosecutor.

Time and skill are also required for the defense lawyer to discover the prosecutor's proof, either through formal discovery, or informal investigation, and to formulate responses to that

proof, including discovery of information that may help impeach the prosecutor's anticipated witnesses.

Beyond time to discover and investigate facts, the defense lawyer must have the time to research the current state of the substantive (including Constitutional), procedural, and evidentiary law as these bear on the issues in the case, and to research and draft discovery, procedural, substantive, and *in limine* motions as appropriate.

Overall, the lawyer for a criminal accused must have the time and skill needed to learn and deploy the legal and factual information relevant to issues that arise at every formal stage of the prosecution, including any lineup, the filing of the charge, bail determination, pretrial motions including to suppress evidence, plea bargaining (and collateral consequences of a pleas), *in limine* evidentiary motions, trial and post-trial motions, and sentencing (in the event of conviction). In addition to time, the defense lawyer must have the funds needed to perform tasks such as travel to interview witnesses, including alibi witnesses, witnesses who can impeach the credibility or contradict the testimony of the state's witnesses, and eyewitnesses.

The primary policies behind the duties identified are (a) to ensure that the lawyer knows and can present to the trier of fact admissible information beneficial to the client; (b) to ensure that the client enjoys all the rights and protections to which he or she is entitled under the law; and (c) to respect the autonomy of the client including the client's interest in participating in decisions about his or her matter.

## VIII.  APPLICATION OF ETHICAL DUTIES TO VARIOUS SITUATIONS

The basic duties described here can be applied to various situations that may confront a defense lawyer in a criminal case. Appropriate conduct at any decision point must, of course, be analyzed in light of the particular circumstances then existing. But some general conclusions are

4

possible. I have been asked to assume and respond to each of the following circumstances, in order to help explain the general principles described in this report.

### A. Situation 1

A public defender fails to interview a client before a bond hearing and has very little knowledge of the client's case.

The bond hearing will determine the conditions of pretrial release and is a critical stage of the proceeding. A free defendant will be better able to assist in preparing his defense, including psychologically. Separately, the client has an interest in freedom as an end in itself, and the lawyer's job is to help him achieve it. The failure here violates the duty of competence.

### B. Situation 2

A public defender is so busy that he fails to attend a post-arraignment line-up.

Competence requires attendance at a line-up to ensure that it is conducted in accord with due process requirements and therefore more likely to yield accurate results. Presence at the line-up may also aid the lawyer in identifying information that may impeach an in-court identification.

### C. Situation 3

A client tells the public defender about a witness who might be able to provide an alibi, but the public defender and his investigators are too busy to interview the witness.

Being "too busy" to interview an alibi witness and so failing to do so is inconsistent with the duty of competence. This is not to say that every witness identified by a client should be interviewed. But a credible alibi can establish reasonable doubt. If a lawyer is too busy to interview an alibi witness, she should not have accepted the case.

5

### D. Situation 4

<u>A public defender knows that an expert witness could expose serious weaknesses in the prosecution's forensic evidence, but he lacks the resources and time to engage an expert.</u>

Competence requires application to the court for funds to engage the expert. Denial of these funds to an indigent accused – whether denied by the court or because the legislature has not made them available – may be a due process violation. The lawyer must preserve the point for appellate review. To do that, she must request the funds and support her request with legal and factual arguments.

### E. Situation 5

<u>A client is in jail pending trial. His overworked public defender, attempting to "triage" his caseload, asks for multiple trial continuances that stretch on for many months.</u>

Depending on the amount of time the lawyer is unable to attend to the case because of her caseload, the failure can jeopardize the client's ability to defend himself (*e.g.*, witnesses disappear or forget). Further, pre-trial incarceration is a harm in itself if the client is acquitted or convicted of a crime carrying (or that results in) a sentence lower than the time spent awaiting trial. While a lawyer must balance her time, at some point ignoring a matter can amount to a violation of the diligence required by Rule 1.3.

### F. Situation 6

<u>In a possession-with-intent-to-distribute case, a police officer searched the client without getting a warrant, and the public defender doubts whether the search was lawful. Nevertheless, because of a lack of time, he does not file a motion to suppress the fruits of the search.</u>

Lack of time is no justification for failing to protect (in effect, possibly waiving) the client's Fourth Amendment rights. This failure is inconsistent with the duty of competence. A

lawyer who fails to make appropriate pretrial motions because of lack of time should not have accepted the matter.

G. Situation 7

A witness who would provide valuable testimony lives beyond the subpoena power of the court, and it appears that he would probably not have the financial means to travel and testify for a trial. The public defender is too busy to depose the witness.

Being "too busy" does not justify a failure to interview and depose a "witness who would provide valuable testimony" but is outside the subpoena power of the court. The failure is inconsistent with the duty of competence. If a lawyer is "too busy" to perform this task, she should not have accepted the matter.

H. Situation 8

In a possession-with-intent-to-distribute case, the public defender files a motion to suppress the evidence. To save time, the public defender uses a "boilerplate" motion template without performing any legal research.

Whether or not this is inconsistent with the duty of competence is highly fact dependent but almost always (if not always), it will be inconsistent with the duty of competence because suppression decisions turn on the facts in the actual matter. Competence will require a lawyer to argue those facts against the backdrop of Fourth Amendment standards. Citing generic rules from a template (which by definition is not based in the facts of the matter) can result in a loss of the claim.

I. Situation 9

A client is in pre-trial detention and has not heard from his lawyer in months. When he calls his lawyer, he is told that his lawyer is too busy to talk with him.

7

This conduct will ordinarily violate Rule 1.4, the duty to communicate with a client. While lawyers must budget their time, being "too busy" is not a justification for prolonged failure to communicate. As discussed previously, the lawyer who is too busy to communicate should not have accepted the case.

J.  **Situation 10**

With a felony trial set to begin in just a few days, the public defender has done hardly anything to prepare for trial.

Almost certainly, having done "hardly anything" before a felony trial would be inconsistent with the duty of competence. Absent extreme facts, which I find it hard to imagine, doing nothing will always be inconsistent with the duty of competence.

K.  **Situation 11**

After trial, a client is convicted. Due to a lack of time, the public defender fails to prepare for the sentencing hearing.

For defendants, the sentencing hearing, whether after trial or a plea, is a critical event in those cases where the court has a range of sentencing options. Factual investigation to prepare for the hearing, and to identify witnesses to call as appropriate, is essential for competent representation. Research may also be needed to identify the legally correct sentencing options.

L.  **Situation 12**

A public defender, whose client is about to plead guilty to a felony, fails to warn the client about the immigration-related consequences of the guilty plea.

This is inconsistent with the duty of competence. A guilty plea may not only subject the defendant to incarceration but also to collateral consequences, including deportation. Even if failure to inform a client of a particular consequence is not the ineffective assistance of counsel

8

as a matter of law, where the consequences are significant, where a reasonable person contemplating a guilty plea would be expected to weigh them in making the decision, competence requires disclosure and consultation.

## IX.   OATH

I, Stephen Gillers, declare under penalty of perjury under the laws of the United States that the foregoing report is true and correct.

Dated: October 16, 2017

By: _____
Stephen Gillers