# Exhibit EE

# 🌐 Client Contact

Created On: 10/13/2002 at 04:10 PM
Category: 06. Client Representation

---

**Joel Elmer**
10/13/2002 04:10 PM

To: David Bell/Area016/MSPD@MSPD, Timothy Burdick/Area016/MSPD@MSPD, Gretchen Eikermann/Area016/MSPD@MSPD, Jeff Griffin/Area016/MSPD@MSPD, Joseph Guarino/Area016/MSPD@MSPD, Burton Haigh/Area016/MSPD@MSPD, S. Chase Higinbotham Jr./Area016/MSPD@MSPD, Jerritt Hooper/Area016/MSPD@MSPD, Rick Johnson/Area016/MSPD@MSPD, Horton Lance/Area016/MSPD@MSPD, Miller Leonard/Area016/MSPD@MSPD, Madonna Limberg/Area016/MSPD@MSPD, Dimitra Massey/Area016/MSPD@MSPD, Pat McGinnis/Area016/MSPD@MSPD, Leon Munday/Area016/MSPD@MSPD, Stephen Patton/Area016/MSPD@MSPD, Ruth Petsch/Area016/MSPD@MSPD, William Raymond/Area016/MSPD@MSPD, Randy Schlegel/Area016/MSPD@MSPD, Todd Schultz/Area016/MSPD@MSPD, Nummi Setty/Area016/MSPD@MSPD, Tom Shanahan/Area016/MSPD@MSPD, David Suroff/Area016/MSPD@MSPD, Jeremy Weis/Area016/MSPD@MSPD, Jeremy Wieck/Area016/MSPD@MSPD, Ladarron Williams/Area016/MSPD@MSPD, Curtis Winegarner/Area016/MSPD@MSPD, Kirk Zwink/Area016/MSPD@MSPD

cc:
Subject: client contact documentation in the Lotus Notes e-file



EXHIBIT 12-5-17 874 Petsch

As you know, you are to have contact with trial caseload clients within 7 days of assignment and thereafter at least every 30 days.

As you also know, all client contact or attempted contact is to be documented.

Effective immediately, I am requiring that, regarding trial caseload clients, all client contact or attempted contact be documented in the e-file in Lotus Notes, either by Memo to Case File or by use of the Client Appointment Form.

A case is considered to be part of your trial caseload if it is your case because I have assigned it to you directly, rather than simply because it appears on your preliminary hearing or arraignment docket. Such cases are noted by my typing of the phrase "trial caseload" in the District Defender Comments field in the Case Information Form.

As you should know, the substance of client contact is also to be documented. This substance does not have to be documented in the e-file; it can be documented either in the physical file or the e-file.

Documentation in the e-file is to include type of contact or attempted contact (e.g., "jail visit," "office visit," "telephone conversation" ("tc")). Attempts should be so designated (e.g., "def FTA for office meeting," "att. tc - left machine message"). This documentation should be in the subject line of the Memo to Case File or in the subject line of the Client Appointment Form. Any e-file documentation of the substance of the contact should be in the comments fields of those forms.

MSPD - 0014725

I will assume letters in the e-file were mailed to the client. Therefore, they do not need to be additionally documented in a Memo to Case File.

Regarding meeting the 7 days and 30 day rules, please remember:

-- Initial 7-day contact: If the client is in jail, this 7-day contact is to be a jail visit. If the client is on bond, the 7-day rule is met by a telephone call or a letter to the client in which the client is asked to immediately schedule an office meeting; if a telephone call is attempted but you are not able to talk to the defendant personally, the call is to be followed up by a letter in that first 7 days.

--Ongoing 30-day contact: If the client is in jail, this on-going contact is to be a jail visit. If the client is on bond, the contact is to be in the office if the client so desires; otherwise telephone or letter contact will be satisfactory, except that an initial office meeting must occur ASAP (if the client refuses, document such refusal) and except that ongoing office meetings are required as necessary to properly prepare the case for trial. Please remember that you are to be proactive in contacting bonded clients who fail to respond to your attempted contacts; you are to continue to make attempts to contact them and ultimately go into the field to look for them if they don't respond. Also, please remember you are to notify clients of all court dates, all warrants, and all continuance requests and other pleadings.

Regarding substance of client contact, please document all conveyance of plea offers, whether defendant wants the offer or not (and why), and what the client does want.

Many attorneys are already documenting client contact in the computer. I do not believe it is asking too much. In fact, after reviewing a lot of files this year, conducting many evaluations, and reassigning may caseloads, I am convinced that the best client contact and best representation is being provided by the attorneys that are doing this.

I also am convinced that in many cases we are not having proper contact with our clients and that this new requirement will allow me to better ensure that we do.

If I am able to ensure that we are having the required contact, not only do our clients benefit but I can promote attorneys, which I want to do. I cannot promote an attorney who is not having the required contact. Documenting client contact in the e-file will help make sure the contact is being had and will help make sure that it is there for me to see when it comes time for evaluation or promotion.

In my Memos to Case File assigning the case to your trial caseloads, I am now indicating whether the client is in custody or on bond. This will allow me to evaluate whether the type of contact you are having (e.g., jail vs. telephone) is sufficient. Therefore, if the custody status of your client changes subsequent to me assigning the case to you, please document it in a Memo to Case File of your own.

I'll be happy to discuss this with you if you have concerns.

Thanks.

Please beware of our below policy. For juvenile cases, once a case is post-arraignment, I expect the client contact to be documented in Lotus Notes. Pre-arraignment, it may be documented in the physical file.

----- Forwarded by Joel Elmer/Area016/MSPD on 09/04/2007 02:58 PM -----



# MSPD *Local Office Policy*

Subject: **Client Contact**  
Title: Client Contact  
Area: Area016  
Policy Type: Independent Local Policy  

Effective Date: **06/14/2006**  
Revised Date:

**Joel Elmer**  
10/13/2002 04:10 PM

To: David Bell/Area016/MSPD@MSPD, Timothy Burdick/Area016/MSPD@MSPD, Gretchen Eikermann/Area016/MSPD@MSPD, Jeff Griffin/Area016/MSPD@MSPD, Joseph Guarino/Area016/MSPD@MSPD, Burton Haigh/Area016/MSPD@MSPD, S. Chase Higinbotham Jr./Area016/MSPD@MSPD, Jerritt Hooper/Area016/MSPD@MSPD, Rick Johnson/Area016/MSPD@MSPD, Horton Lance/Area016/MSPD@MSPD, Miller Leonard/Area016/MSPD@MSPD, Madonna Limberg/Area016/MSPD@MSPD, Dimitra Massey/Area016/MSPD@MSPD, Pat McGinnis/Area016/MSPD@MSPD, Leon Munday/Area016/MSPD@MSPD, Stephen Patton/Area016/MSPD@MSPD, Ruth Petsch/Area016/MSPD@MSPD, William Raymond/Area016/MSPD@MSPD, Randy Schlegel/Area016/MSPD@MSPD, Todd Schultz/Area016/MSPD@MSPD, Nummi Setty/Area016/MSPD@MSPD, Tom Shanahan/Area016/MSPD@MSPD, David Suroff/Area016/MSPD@MSPD, Jeremy Weis/Area016/MSPD@MSPD, Jeremy Wieck/Area016/MSPD@MSPD, Ladarron Williams/Area016/MSPD@MSPD, Curtis Winegarner/Area016/MSPD@MSPD, Kirk Zwink/Area016/MSPD@MSPD  
cc:  
Subject: client contact documentation in the Lotus Notes e-file

As you know, you are to have contact with trial caseload clients within 7 days of assignment and thereafter at least every 30 days.

As you also know, all client contact or attempted contact is to be documented.

Effective immediately, I am requiring that, regarding trial caseload clients, all client contact or attempted contact be documented in the e-file in Lotus Notes, either by Memo to Case File or by use of the Client Appointment Form.

A case is considered to be part of your trial caseload if it is your case because I have assigned it to you directly, rather than simply because it appears on your preliminary hearing or arraignment docket. Such cases are noted by my typing of the phrase "trial caseload" in the District Defender Comments

field in the Case Information Form.

As you should know, the substance of client contact is also to be documented. This substance does not have to be documented in the e-file; it can be documented either in the physical file or the e-file.

Documentation in the e-file is to include type of contact or attempted contact (e.g., "jail visit," "office visit," "telephone conversation" ("tc")). Attempts should be so designated (e.g., "def FTA for office meeting," "att. tc - left machine message"). This documentation should be in the subject line of the Memo to Case File or in the subject line of the Client Appointment Form. Any e-file documentation of the substance of the contact should be in the comments fields of those forms.

I will assume letters in the e-file were mailed to the client. Therefore, they do not need to be additionally documented in a Memo to Case File.

Regarding meeting the 7 days and 30 day rules, please remember:

-- Initial 7-day contact: If the client is in jail, this 7-day contact is to be a jail visit. If the client is on bond, the 7-day rule is met by a telephone call or a letter to the client in which the client is asked to immediately schedule an office meeting; if a telephone call is attempted but you are not able to talk to the defendant personally, the call is to be followed up by a letter in that first 7 days.

--Ongoing 30-day contact: If the client is in jail, this on-going contact is to be a jail visit. If the client is on bond, the contact is to be in the office if the client so desires; otherwise telephone or letter contact will be satisfactory, except that an initial office meeting must occur ASAP (if the client refuses, document such refusal) and except that ongoing office meetings are required as necessary to properly prepare the case for trial. Please remember that you are to be proactive in contacting bonded clients who fail to respond to your attempted contacts; you are to continue to make attempts to contact them and ultimately go into the field to look for them if they don't respond. Also, please remember you are to notify clients of all court dates, all warrants, and all continuance requests and other pleadings.

Regarding substance of client contact, please document all conveyance of plea offers, whether defendant wants the offer or not (and why), and what the client does want.

Many attorneys are already documenting client contact in the computer. I do not believe it is asking too much. In fact, after reviewing a lot of files this year, conducting many evaluations, and reassigning may caseloads, I am convinced that the best client contact and best representation is being provided by the attorneys that are doing this.

I also am convinced that in many cases we are not having proper contact with our clients and that this new requirement will allow me to better ensure that we do.

If I am able to ensure that we are having the required contact, not only do our clients benefit but I can promote attorneys, which I want to do. I cannot promote an attorney who is not having the required contact. Documenting client contact in the e-file will help make sure the contact is being had and will help make sure that it is there for me to see when it comes time for evaluation or promotion.

In my Memos to Case File assigning the case to your trial caseloads, I am now indicating whether the client is in custody or on bond. This will allow me to evaluate whether the type of contact you are having (e.g., jail vs. telephone) is sufficient. Therefore, if the custody status of your client changes subsequent to me assigning the case to you, please document it in a Memo to Case File of your own.

I'll be happy to discuss this with you if you have concerns.

Thanks.

Previous Document          Next Document
Return to View

Document History:
*/OU=Area016/O=MSPD - areaval

MSPD - 0014728

CN=Joel Elmer/OU=Area016/O=MSPD, CN=Leon Munday/OU=Area016/O=MSPD - ddval
Admin, [Approval], [HR Admin], [Local], LocalDomainServers, */Area016/MSPD - readers
Admin, [Approval], [HR Admin], LocalDomainServers, Joel Elmer/Area016/MSPD, Leon Munday/Area016/MSPD - authors

............................

MSPD - 0014729

Case 2:17-cv-04057-NKL   Document 153-32   Filed 02/09/18   Page 6 of 6