UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SHONDEL CHURCH, *et al.*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF MISSOURI, *et al.*, )<br>)<br>State Defendants. ) | Case No. 17-04057-CV-C-NKL |

**STATE DEFENDANTS' REPLY SUGGESTIONS
IN SUPPORT OF MOTION FOR REALIGNMENT
OF MISSOURI STATE PUBLIC DEFENDER DEFENDANTS**

In this reply, State Defendants, the State of Missouri and Governor Eric Greitens, address the arguments raised by both the Plaintiffs and the MSPD Defendants in their respective suggestions in opposition.

**Realignment of the parties can destroy jurisdiction
based on diversity of citizenship.**

While it is true that realignment of the parties may be more commonly used to *resolve* jurisdictional problems, the doctrine is not limited to that objective. On the contrary, its use has led to the dismissal of cases when diversity was destroyed as a result of realignment. *See e.g. City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941). In *City of Indianapolis,* the Supreme Court reversed the jurisdictional finding of a lower court, observing: "It is our duty, as it is that of the lower federal

courts, to look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.* (citation omitted); *see also City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit, Title, & Trust Co.*, 197 U.S. 178, 180 (1905); *Hamer v. New York Rys. Co. et al.*, 244 U.S. 266, 274 (1917).

The real question then is whether the interests of the MSPD Defendants align with the interests of the Plaintiffs. State Defendants contend that they do and nothing contained in the suggestions opposing realignment effectively disputes State Defendants' contention.

## This lawsuit is about state funding for Missouri's public defender system.

It is disingenuous for either Plaintiffs or the MSPD Defendants to argue otherwise. Though MSPD Defendants admit that their interests are "the adequate resourcing of MSPD," they then try to argue that Plaintiffs' interests are constitutional. A quick look at Plaintiffs' pleading contradicts that argument.

As early as Paragraph 3 of their Complaint, Plaintiffs begin to drive home the relationship between state funding and their constitutional claims: "For more than two decades, Defendants have failed to provide the resources required to adequately represent poor people accused of crimes in Missouri, leading to the actual and constructive denial of counsel for, and ineffective representation of, indigent defendants across the State." (Doc. 1-2 at ¶ 3).

2

This paragraph sets up a theme that recurs throughout the entire pleading. In fact, in the general factual allegations, there is an entire section devoted to "Chronic Underfunding of MSPD." (Doc. 102 at ¶¶ 37-46).

And yet, curiously, Plaintiffs seem willing to let the MSPD Defendants off the hook: "As the experiences of Plaintiff's [sic] indicate, despite the best efforts of MSPD's dedicated attorneys and support staff, MSPD's crushing workloads result in indigent defendants throughout this state being actually or constructively denied their right to counsel at critical states of their cases." (Doc. 1-2 at ¶ 7). Here is another example: "The lack of funding for MSPD has created an environment in which no public defender in this State can provide constitutionally adequate representation for all of their clients, including Plaintiffs." (Doc. 1-2 at ¶ 16). And another: "The chronic underfunding of and lack of support for MSPD has led to a staffing crisis that means that MSPD attorneys typically operate at more than double the maximum workload capacity that would allow for the consistent provision of constitutionally adequate representation." (Doc 1-2 at ¶ 47).

It is evident from the Complaint that Plaintiffs aim to establish a causal relationship between funding for the MSPD and the alleged constitutional violations. Their suggestions opposing realignment do not necessarily advocate otherwise; therefore, it is reasonable to conclude that at least one of Plaintiffs' objectives in this lawsuit is to increase the state

funding to the MSPD. More to the point, that objective directly aligns with the interests of the MSPD.

Plaintiffs and MSPD Defendants both try to distinguish *Barrett v. Greitens*, 2017 WL 6453618 (Mo. App. W.D., December 19, 2017) by suggesting that the case was not about funding of the MSPD. To be sure, the lawsuit did challenge the Governor's authority to withhold appropriations, but MSPD's ultimate interest in bringing the suit was clearly to increase its state funding. That objective and interest is very accurately embodied in the prayer for relief:

> WHEREFORE, Plaintiffs pray the Court declare that Defendant's FY2017 budget withholdings (restrictions) are unconstitutional and void under Article II, Section 1, Missouri Constitution, *order the withheld (restricted) funds restored and enjoin Defendant from making any further withholdings (restrictions)* from the appropriations made to the Office of the State Public Defender. . . .

*Barrett, et al. v. Nixon*, Case No. 16AC-CC00290, available at Missouri Case.Net (emphasis added).

Finally, it is also interesting to note that while MSPD Defendants did file suggestions opposing realignment of the parties, they did not file a motion for summary judgment in this matter.

4

Wherefore, as alleged in the motion seeking realignment, the actual interests of Plaintiffs and the MSPD Defendants are the same. Accordingly, the State Defendants request that this Court realign MSPD Defendants as Plaintiffs for the purposes of this litigation.

Respectfully submitted,

**JOSHUA D. HAWLEY**
Missouri Attorney General

/s/ *Laura E. Elsbury*
D. John Sauer #58721
Laura E. Elsbury, #60854
Steven Alan Ramsey #67126
Justin C. Moore, #65057
Assistant Attorneys General
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65101
(573) 751-8795 Phone
(573) 751-9456 Fax

*Attorneys for State Defendants*
*State of Missouri and Eric Greitens*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2018, the foregoing was e-filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties of record.

*/s/ Laura E. Elsbury*
Laura E. Elsbury
Assistant Attorney General
