# Exhibit DD



# Permanent Record - Reviewed with Employee [11/17/2016]

## Appraisal Form
**Created By: Rod Hackathorn**
11/07/2016 12:08 PM [Modified 11/10/2016 12:38 PM]

**Employee:** Dawn N Calvin

| | |
|---|---|
| Area: | 31 |
| Hire Date: | 10/22/2015 |
| Tenure in current class: | 10/22/2015 |
| Functional Job Title: | Assistant Public Defender |
| Classification: | 0400 Assistant Public Defender I |
| Employee Number: | PD01261 |
| Period Covered: | 10/22/2015 (From Date)  10/31/2016 (To Date) |
| Timesheet Approver(s): | Rod Hackathorn /Area031/MSPD, Christopher Hatley /Area031/MSPD |

**Appraisal Summary :** Successful

## Attorney Trial and Capital Appraisal

Performance Rating:
- O = Outstanding (Performance at this level far exceeds expectations. It represents a level of performance that is rare and unusual.)
- HS= Highly Successful (Performance at this level exceeds expectations to a significant degree.)
- S = Successful (Performance at this level meets expectations. It represents what is expected of a trained, experienced successful employee.)
- IE = Improvement Expected (Performance at this level falls somewhat below what is expected of a trained, experienced employee.)
- U = Unsatisfactory (Performance at this level fails to meet the requirements of the position.)

| COMPONENT | EXPECTATIONS | COMMENTS | O | HS | S | IE | U |
|---|---|---|---|---|---|---|---|
| **COUNSELOR** | | | | | | | |
| CLIENT COUNSELING | Treats clients with respect, recognizing their issues and goals. Acquires client's trust and cooperation. Maintains timely and consistent contact so client is fully informed. *(Interviewing Techniques, Client Interaction)* | In reviewing her files, it appeared that for the first six months or so, Dawn did quite well at staying close to guidelines for client contact with her incarcerated clients. During that time she was being assigned misdemeanors and PVs only in Greene County. Once she was added to the C-D felony rotation and her caseload began to rise as well as her number of incarcerated clients, she encountered more difficulty in keeping up with client contact. The worst instance of this I saw was a case where initial contact at the jail did not occur until 102 days. There were short visits before court appearances at court. Also, it was noted in that file that she attempted a jail visit 30 days in but client had been sent to another facility due to overcrowding; regardless, further attempts should have been made to visit client sooner. When I met with Dawn to discuss this, she agreed this is an area that she needs to improve on. She brought with her a list of her incarcerated clients she had created | | | | X | |



EXHIBIT 48
12.20.17

| | | | | X | |
|---|---|---|---|---|---|
| | | that she was now using to keep track of their last visit and when another was needed. She currently has 34 clients in custody. We also talked about maintaining control during client meetings. She usually lets the client talk as long as they want at every meeting which means most of her jail visits are 45 minutes or longer each which makes it difficult to get more people seen.<br><br>For out of custody clients, she briefly meets with them at their first court date and asks them to call and schedule an office visit. For the half or so that do, Dawn lets the clerks know when she is available and they schedule those appointments. For the half or so that don't call, Dawn tries to reach out to them by phone.<br><br>There were notes in several of her files detailing contact with clients' family members. | | | |
| LEGAL SKILLS | Legal advice is accurate and complete. Identifies and effectively uses legal issues.<br>*(Legal Research and Continuing Legal Education, Recognizing Legal Issues, Written Motion Practice, Investigation, File Maintenance)* | Dawn is good at spotting legal issues in her cases. In each file I reviewed there was a copy of relevant statutes and any legal research that had been done. Great notes in her files detailing what had been done so far regarding jail visits, negotiations, investigation, family contact, etc. Different parts of her files were tabbed making it easy to locate what you need.<br><br>Examples of written motion:<br><br>[PDF icon] ▮▮▮▮▮.pdf | | X | |
| DISPOSITION ADVOCACY | Uses legal skills, experience and factual knowledge to achieve best possible outcome for client.<br>*(Negotiation Skills, Sentencing, Willingness To Try Cases)* | Dawn is good at negotiating. As stated above, there were notes in many of her files showing counter offers and reasons backing those counter offers. She has had success in convincing the state to reduce some felonies to misdemeanors. Recently, having heard the PA's office wanted to move property crimes, she took 10 of her files over there and spent 3 1/2 hours negotiating good deals for her clients.<br><br>She is a good sentencing advocate as well. In the three bench trials she lost, she still convinced the judge to give her clients probation and one of | X | | |

MSPD - 0015897

| | | | | | | |
|---|---|---|---|---|---|---|
| | | them received an SIS. She recently had her first client get sent to DOC after a contested sentencing and it upset her. | | | | |
| **TRIAL ADVOCATE** | | | | | | |
| TRIAL SKILLS | Persuasively presents effective theory of defense. *(Preparation of Witnesses, Use of Experts, Courtroom Skills, Courtroom Presence)* | Dawn has not had a jury trial yet. She has had 9 misdemeanor bench trials and 6 of those resulted in not guilty verdicts. A couple of our APD IVs who have seen her in action during a few of those misdemeanor trials, have commented to me about how well she did and that she was obviously prepared. She has a misdemeanor set for jury trial that is likely to go next month. I went over that case with her and it is discussed below at the bottom of the file review section. | | X | | |
| RECORD PRESERVATION | Effectively preserves legal issues for post-trial litigation. *(Post-trial Proceedings)* | Although I did not have the opportunity to observe her bench trials, I have seen her representation during a preliminary hearing. She did raise objections appropriately. She did tell me that one of our senior attorneys informed her of an objection she missed after one of her bench trials. Even if she had objected and it was sustained it would not have affected the outcome, but nonetheless, it has made her realize this is an area she wants to learn and improve. | | X | | |
| **COLLEAGUE** | | | | | | |
| PROFESSIONAL RELATIONS | Professional interactions are characterized by integrity and respect for others. *(Ethics and Integrity, Working Independently, Interaction with Others, Public Defender Staff, Calendar and Case Management, Punctuality and Attendance)* | Even when I know she is feeling overwhelmed from her high caseload, she maintains a professional attitude both in the office and in court. Keeps up her calendar, making sure not to let any court appearances slip through the cracks which is not easy to do with the high volume she is handling. Keeps core office hours and asks for time off in accordance with office policy. | X | | | |
| INSIGHT | Acts with awareness of the larger picture. *(Administrative Tasks)* | For the most part completes administrative tasks in a timely manner. If we were still time logging I might have marked this section as "improvement expected" as she regularly waited until time logs were due to get them completed. | | X | | |

Attached is a breakdown of Dawn's open caseload. She admits it is a bit inflated as there are several recently disposed of cases that need to be closed.


Dawn open caseload.pdf

## Goals & Objectives for next Appraisal period:

Goals Dawn and I discussed are:

1. First chair a jury trial.

2. Make jail visits more of a priority. Get closer to the guidelines on initial and ongoing client contact.

3. Become more familiar with potential evidentiary issues and be prepared to object and make the proper objection at trial.

## Attached Appraisal File Review:

   

Calvin file review 1.doc Calvin file review 2.doc Calvin file review 3.doc Calvin file review 4.doc

   

Calvin file review 5.doc Calvin file review 6.doc Calvin file review 7.doc Calvin file review 8.doc

 

Calvin file review 9.doc  File Review10.doc

All 10 of the files I reviewed had an indigency application, and 7 of them had a filled out and easily locatable initial client interview form.

Client contact in each file:

▬▬ ▬▬ - jail - closed file: 0 day letter - not qualifying, 12 days court - qualifying initial contact (met privately/sign language interpreter needed), 14 - jail, 2 - court, 28 - court, 6 - letter - qualifies, 13 - jail, 9 - court

▬▬ ▬▬ - jail - closed file: 4 days court - not qualifying (hereafter for this and other clients summarized in this section, a court contact is a non-qualifying contact unless stated otherwise), 5 days initial contact at jail, 5 - jail, 2 - jail, 1 - jail - client ROR 4 days after this jail visit, 7 - phone - qualifies, 1 - court, 28 - court, 32 - phone - qualifies, 2 - court, 41 - phone - qualifies, 2 - court

▬▬ ▬▬ - out of custody - closed file: 0 day letter - not qualifying, 6 days initial contact by phone - qualifies, 1 - court, 49 - court, 34 - email - qualifies, 17 - office visit, 12 - phone/court - qualifies, 6 - phone - qualifies

▬▬ ▬▬ - jail - closed file: 0 day letter - not qualifying, 5 days initial contact at the jail, 2 - court, 2 - jail, 3 - court, 28 - court

▬▬ ▬▬ - jail - closed file: 1 day initial contact at jail, 2 - jail, 3 - jail, 1 - letter, 14 - court, 32 - jail, 4 - jail, 6 - court

▬▬ ▬▬ - jail - open file: 0 day letter - not qualifying, 32 - court, 11 - court, 59 - jail (4 days after the file review)

▬▬ ▬▬ - jail - open file: 0 day letter - not qualifying, 36 - court, 13 - court (ROR), 82 - court

▬▬ ▬▬ - jail - open file: 0 day letter - not qualifying, 29 days initial contact at jail (3 days after file review but still prior to first court date)

▬▬ ▬▬ - jail - open file: 0 day letter - not qualifying, 30 days initial contact at jail/court, 15 - court, 46 - jail, file review 11 days after last contact

██████ ███████ - jail - closed file: 0 day letter - not qualifying, 15 days initial contact at jail, 5 - jail/court - qualifies, 4 - court

Summary of contact for clients in custody:

Initial contact occurred within 7 days in 2 of the files. The "misses" were 12 days, 9 days, 102 days (seen in court twice before that but no private meeting), 49 days, 29 days, 30 days, and 15 days. Ongoing contact within 31 days occurred 10 times. The "misses" were 36 days, 47 days, and 61 days.

I conducted one case review with Dawn on State v. ██████████████████. It is a misdemeanor harassment (2 counts) set for jury trial in about a month. She has a good grasp of the facts and has developed a theory of defense. She has been to the scene with our investigator and taken pictures. She has done some witness interviews and will be requesting funds to do a deposition of the two alleged victims. She has identified a few case specific issues to address in voir dire. Still needs to prep client for potentially testifying.

**Comments and Follow-up:**

Dawn demonstrates a strong backbone in court. It's obvious she cares abvout her clients and our mission. She maintains an upbeat attitude even under the pressure and stress of an overly burdensome caseload. I recommend she be promoted to APD II.

**Signature:** _____   _____
Employee                                         Date

**Employee Comments:**