# Exhibit FF

## Performance & Issues Entry Form

Created By: Christopher Hatley
03/02/2017 09:14 AM
Modified 03/02/2017 10:09 AM

Subject: Performance Review - Non Promotion
Category: File Review
Keyword:
Date: 03/02/2017
This Matter Concerns: Employee
Employee Name: Paul R. Duchscherer
Employee Number: PD00292
Functional Job Title: Assistant Public Defender
Classification: 0404 Assistant Public Defender IV
Tenure in Current Class: 08/16/2007
Timesheet Approver (s): Rod Hackathorn /Area031/MSPD, Christopher Hatley /Area031/MSPD
Office Group: Southwest Trial Office Group
Area: 31

**Description of Event or Issue:** (field accepts attachments or you may type directly into the field.)

We are conducting performance reviews of all the APD IVs in our office starting with those who have been in that position the longest. Paul is one of our longest tenured fours. Our predominant concern in conducting these reviews are client contact (unless we have noticed performance related issues in other areas).

### Client Counseling

In the file reviews I did there were gaps of 3 months, 3 months, 5 months, 6 months, 6 months, 8 months, and even 13 months between qualifying contacts. I discussed with David that this method simply is not working and is in opposition to our guidelines for representation. I also told him that, given the huge caseloads, we understood that every 30 days may not be attainable. I asked him what he felt with his experience was attainable, and he replied that every 60 days could likely be done. I told him I agreed with that and asked him to devise a method to ensure he was seeing his clients at the jail, and contacting those in DOC, every 60 days regardless of whether there had been new developments in the case. He agreed. We get almost never get a client complaint about lack of contact concerning Paul which tells me he is keeping good contact with his clients and that he has a good relationship with them. The files I reviewed contained notes for each jail visit, although some were brief.

Christian County is a bit odd when it comes to client contact. The jail is an absolute hell hole and they do everything they can to discourage attorney/client meetings. However, the judges and bailiffs have always been willing to bring inmates up from the jail and allow our attorneys to have confidential client meetings in the jury rooms off the courtrooms. This is how Paul (and the other CC attorneys conduct "jail" visits". For the most part, it appears that he is either visiting with clients within 7 days of receiving the file or, at the very least, visiting with them prior to the first court date. David said he does try hard to make sure those initial contacts are done right away not just because of our guideline but also because it helps set a positive tone for the future attorney/client relationship.

Initial client interview forms weren't always filled out in the files I reviewed; however, as stated above, Paul does take good notes during his client visits and all the information that would be on that form can usually be found elsewhere in the file. In general, the files I reviewed were well documented.

Paul rarely conducts office visits with clients as most clients in Christian County either cannot make it up to our office or aren't willing to do so. Most client visits for out of custody clients are done by phone or in the meeting rooms at the courthouse.

### Legal Skills



EXHIBIT 49
12.20.17

MSPD - 0015974

Paul is very good at spotting legal issues and demonstrates great instincts for the job. He brings interesting topics for discussion and assists in figuring out other issues that are brought up in our brainstorming sessions.

David wishes he had more time available for creative motion practice. His caseload and busy court schedule usually only allow for the doctoring of our boilerplate motions. He also only has time to prepare and submit suggestions in support when specifically requested by the judge. I noticed while doing the file reviews that the request for discovery was either filed late or not at all in several cases. David said he has improved on making sure that those are filed timely.

Paul makes good use of his assigned investigator. Files are well organized.

### Disposition Advocacy

Paul is perhaps the best negotiator in the office. This is both a blessing and a curse. Paul routinely gets great results for his clients (even on serious charges) but rarely has trials of any sort. It is hard to take away anything definitive from this as for the past 12 years or so, Paul has been assigned to Christian County. Cases there almost always get worked out given the favorable offers made by the State.

### Trial Skills and Record Preservation

See above.

### Professional Relations and Insight

No concerns at all with Paul in these areas. Time sheets and expense forms are always submitted in a timely manner. Includes all the required information when submitting E-requests. Makes appropriate use of his assigned investigator and legal assistant. He maintains proper office hours. Keeps proper track of his court dates and is punctual to court. Well-like and respectful of others. Willing to help out coworkers when needed.



PD4.1.doc  PD4.2.doc  PD4.3.doc  PD4.4.doc  PD4.5.doc  PD4.6.doc
PD4.7.doc

**Impact:**

**Comments and Follow-up:**

MSPD - 0015975