# Exhibit NN

IN THE
MISSOURI COURT OF APPEALS
WESTERN DISTRICT

| | |
|---|---|
| STATE EX REL. RUTH PETSCH | ) |
| | ) |
| Relator, | ) |
| | ) |
| vs. | ) No. _____ |
| | ) |
| HON. PATRICK W. CAMPBELL, | ) |
| | ) |
| Respondent. | ) |

## PETITION FOR WRIT OF PROHIBITION,

## AND SUGGESTIONS IN SUPPORT

COMES NOW Relator, District Defender Ruth Petsch, pursuant to Rules 84.22 to 84.26, and 97.01 et seq., V.A.M.R., and moves this Court to issue a preliminary writ of prohibition against Respondent, the Hon. Patrick W. Campbell, Circuit Judge of the Jackson County Circuit Court, to prohibit Judge Campbell's order of October 19, 2017, which ultimately appointed Ms. Petsch personally to represent Keith A. Nevels, contrary to this Court's holding in ***State ex rel. Robinson v. Franklin***, 48 S.W.3d 64 (Mo. App. W.D. 2001), that a trial court exceeds its authority in appointing a specific Public Defender attorney to a specific case.

After a preliminary writ and opportunity for Respondent to respond, Relator requests that this Court make the writ permanent, or alternatively, order full briefing, and thereafter, make the writ permanent.

1

MSPD - 0039222

## STATEMENT OF FACTS

1. Relator, Ruth Petsch, is the District Defender of the Area 16 Public Defender Office in Kansas City, Missouri, which is located in Jackson County. A District Defender is the supervisor of a local Public Defender Office.

2. Respondent, the Hon. Patrick W. Campbell, is Circuit Judge, Division 10, of the Jackson County Circuit Court, 16th Judicial Circuit.

3. Keith A. Nevels is the underlying defendant in *State v. Keith A. Nevels*, Jackson County No. 1616-CR01742-01 (E1).[1] As relevant herein, he is currently charged with a probation violation following a prior plea of guilty to the Class C felony of unlawful possession of a firearm, Sec. 571.070 RSMo. (E3-E4, E5, E7, E9-E10).

4. At the outset, Relator wishes to make clear to this Court that although the issue in this writ arises in the context of the Area 16 Public Defender Office's attempt to not accept new cases due to excessive caseload, that is <u>not</u> the issue Relator is raising herein. Relator will be pursuing other avenues of relief with the Jackson County Circuit Court regarding excessive caseload. The sole issue Relator raises herein is that the trial court lacked authority to appoint a specific Public Defender attorney to Mr. Nevels' case under *State ex rel. Robinson v. Franklin*, *supra*.[2]

---

[1] The exhibits in this case are page numbered consecutively E1, etc., and are referred to by individual "E" page number herein. "E" stands for exhibits.

[2] A copy of this case is in the Exhibits beginning at p. E76.

5. On Oct. 13, 2017, District Defender Petsch sent an email to Jackson County Presiding Judge John M. Torrence to notify the Jackson County Circuit Court that due to excessive caseloads in the Area 16 Jackson County Public Defender Office, the attorneys in her office were not able to provide ethical and competent representation to further clients, and, as a result, were creating a waiting list for defendants who qualify for representation but for whom there is no attorney available (E58-E59). Petsch cited, among other authorities, *State ex rel. Missouri Public Defender Commission v. Waters*, 370 S.W.3d 592, 607 (Mo. banc 2012), citing Rules 4-1.1, 4-1.3, and 4-1.4, for the directive that attorneys violate the Rules of Professional Conduct if they "accept[] a case that results in a caseload so high that it impairs [their] ability to provide competent representation, to act with reasonable diligence, and to keep the client reasonably informed" (E59). Petsch wrote that as soon as caseloads fall to an ethical level, she would begin assigning new cases to attorneys in her office (E59). Petsch's action came after the Missouri Supreme Court recently disciplined another Public Defender attorney (E58). Although there was no opinion issued in that case, the Office of Chief Disciplinary Counsel's brief and individual judges' comments at oral argument indicated that Public Defender attorneys cannot defend themselves from discipline with evidence of an excessive caseload (E58).[3]

6. On Oct. 17, 2017, Presiding Judge Torrence wrote to Petsch to inform her that the Executive Management Committee of the Court en banc had discussed her email

---

[3] This occurred in the case of *In re Hinkebein*, No. SC96089.

and "unanimously agree[d] that your position is invalid and unlawful. Consequently, the judges of the 16th Circuit will continue to appoint you and your office to represent eligible persons charged with new offenses" (E60). Judge Torrence asked Petsch to meet with the Court in an "informal process" or to invoke the provisions of Sec. 600.063 RSMo. to deal with the caseload issue (E63).

    7.    Meanwhile, in Mr. Nevels' case, on Oct. 16, 2017, Respondent Judge Campbell held an initial appearance hearing on the probation violation (E33). The State requested that an attorney be appointed for Mr. Nevels (E35). Judge Campbell found that due process required appointment of counsel, and asked the Public Defender attorney assigned to that courtroom, Gara Feldman-Gary, if Mr. Nevels qualified for Public Defender representation (E35). Feldman-Gary said he does qualify, but that he had been placed on the Public Defender's waiting list (E35). Judge Campbell then directed the "Missouri public defender to represent him in this matter. So whether that's you Ms. Feldman-Gary or you go get somebody else over here to represent him but he needs to be represented" (E36). After additional discussion following Feldman-Gary telephoning her supervisor for direction, Judge Campbell reiterated, "I've appointed the Missouri Public Defender's Office. Who's representing him?" (E37). Feldman-Gary said her supervisor would be available to speak to the court later in the day, but the court said:

> THE COURT: Well, you're here now. Who do you work for?
>
> MS. FELDMAN-GARY: I work for the Public Defender's Office of the State of Missouri.
>
> THE COURT: So represent him. ...

4

MSPD - 0039225

Case 2:17-cv-04057-NKL   Document 160-41   Filed 02/21/18   Page 5 of 13

(E37-E38).

8.    After further discussion, Feldman-Gary informed the court that ***State ex rel. Robinson v. Franklin***, 48 S.W.3d 64, states that a court does not have authority to appoint a specific Public Defender attorney (E38). The court said: "I didn't. I appointed the Missouri public defender. You are the Missouri public defender specifically assigned to this division for special actions; am I correct about that?" (E39). Feldman-Gary said yes (E39). The court then said there is a statute that the Public Defender shall not refuse appointment (E39). After further discussion, the court said it was "entering an order directing the Missouri public defender to represent the defendant" (E41). "The Court will further order that the district defender of the Missouri Public Defender's Office Ruth Petsch shall appoint and provide counsel for the defendant Mr. Nevels and have counsel prepared to appear, enter their appearance, and represent the defendant" on October 19 (E42).

9.    On Oct. 16, 2017, the court issued a written order that "District Defender Ruth Petsch, of the Missouri Public Defender, shall provide counsel for defendant, have counsel prepared to appear and enter appearance, and represent defendant" on October 19 (E12).

10.    On October 19, 2017, Petsch entered an appearance "under objection and order of court" (E13). She referenced her prior email to Presiding Judge Torrence; Rules 4-1.1, 4-1.3, 4-1.4 and 4-1.7; and *Waters*, *supra*, for her inability to accept new cases (E13). She expressly reserved the right to pursue appellate remedies to vacate the appointment (E14).

5

MSPD - 0039226

Case 2:17-cv-04057-NKL   Document 160-41   Filed 02/21/18   Page 6 of 13

11.     Also on October 19, 2017, Petsch filed a motion to reconsider and vacate the appointment on various grounds, primarily having to do with her ethical obligations under Rule 4 prohibiting her from accepting new cases (E15 – E31).

12.     On October 19, 2017, Judge Campbell resumed the probation revocation matter. Petsch said that she wanted to present evidence about all attorneys in her office and their obligations under Rule 4 (E47). The court said, "Well, I have appointed you as the public defender" (E47). After further discussion, including that the other attorneys in Petsch's office believe they would violate Rule 4 by accepting new cases, the court told Petsch, "**Well, I haven't appointed a single one of them other than you, Ms. Petsch. So I see no purpose in allowing you to present that evidence**" (E51)(emphasis added). The court denied the motion to reconsider (E51). The court then said:

> THE COURT: Do you wish to represent Mr. Nevels? Do you wish to file a writ? I am more than happy to let you do either of those two things. Or do you wish to disobey the Court and proceed under a contempt proceeding? What's your preference?

(E51). Petsch said she had entered the case [under objection] and would go forward, but that she would also pursue a writ (E51-E52).[4] The court denied the motion to reconsider

---

[4] ABA Formal Opinion 06-441 (May 13, 2006)(Ethical Obligations of Lawyers Who Represent Indigent Criminal Defendants When Excessive Caseloads Interfere With Competent and Diligent Representation) states that when a Public Defender is not allowed to withdraw from a case in the face of excessive caseload, the Public Defender

and reset the probation violation hearing for October 26, 2017, to allow for a writ (E52-E53).

13. Later on October 19, 2017, the court entered a written order stating, in relevant part:

> The Court finds that the Defendant, Keith A Nevels is qualified for appointment of counsel. The Office of the Missouri Public Defender has entered their appearance with objection. The Missouri Office of State Public Defender has not obtained prior approval from a court of competent jurisdiction to refuse representation. The Missouri Office of State Public Defender has not sought relief pursuant to RSMo. Section 600.063. Therefore, it is clear that the Missouri Office of State Public Defender is obligated under RSMo Section 600.062 to represent the Defendant, Keith A Nevels.[5]

(E30).

14. This petition for a writ of prohibition follows.

## RELIEF SOUGHT

15. Relator, District Defender Petsch, moves this Court to issue a Writ of Prohibition against Respondent, the Hon. Patrick W. Campbell, Circuit Judge of the

---

must obey the court's order while pursuing appellate remedies. *Id.* at 6 and n. 24. A copy of this ABA opinion is in the Exhibits beginning at p. E63.

[5] A copy of Secs. 600.062 and 600.063 are in the Exhibits beginning at p. E72.

Jackson County Circuit Court, to prohibit Judge Campbell's order of October 19, 2017, which ultimately appointed Ms. Petsch personally to represent Keith A. Nevels, contrary to this Court's holding in *State ex rel. Robinson v. Franklin*, *supra*, that a trial court exceeds its authority in appointing a specific Public Defender attorney to a specific case. Judge Campbell exceeded his authority in appointing a specific Public Defender attorney to Mr. Nevels' case.

### STATEMENT OF REASONS WHY WRIT SHOULD ISSUE

16. "The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where the party may suffer irreparable harm if relief is not granted." *State ex rel. Mo. Pub. Def. Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009).

17. Prohibition may be used to "undo" acts done by a court "as long as some part of the court's duties in the matter remain to be performed" and may be used "to restrain further enforcement" of the court's orders. *Id.* (citation omitted).

18. In *Franklin*, 48 S.W.3d at 65-66, a trial judge ordered two specific Public Defender System attorneys – the Director of the Public Defender System and the Trial Division Director – to enter their personal appearances for a defendant, after five other Public Defender attorneys had entered the case but ultimately withdrew due to leaving the Public Defender Office. The trial court believed it had authority to order this due to

its "broad discretion in controlling its docket" and to "break the chain of continuances made by withdrawing defenders." *Id.* at 69.

19. The Public Defender sought a writ of prohibition from this Court on grounds that the trial court's order appointing specific Public Defender attorneys exceeded the trial court's authority, because the authority to assign specific Public Defender attorneys was vested solely in the Director of the Missouri Public Defender System under Chapter 600 RSMo. *Id.* at 66. This Court agreed, and issued a permanent writ of prohibition. *Id.* at 70.

20. This Court held that under Chapter 600, which created the Public Defender System, a trial court's sole role is to determine, upon motion by either party, "whether the services of the public defender may be utilized by the defendant." *Id.* at 69 (quoting Sec. 600.086.3 RSMo.). "The statute provides no authority, other than indigency determinations, for the court to be involved in the functions of the system, including assignment of particular counsel to cases." *Id.* "That authority is left to the Director and his representatives." *Id.* (citing Sec. 600.042.5(2), which states "The director may ... [d]esignate persons as representatives of the director for the purpose of making indigency determinations and assigning counsel"). "The appointment of specific counsel within the public defender system, and particularly the Director, to represent indigent defendants is beyond the court's jurisdiction." *Id.*

21. Here, Respondent Judge Campbell exceeded his authority in ultimately appointing District Defender Petsch personally to represent Mr. Nevels (E51). While it appears that Judge Campbell, at least in his initial order of October 16, may have

9

MSPD - 0039230

intended only to cause Ms. Petsch to assign counsel (E12)("Ruth Petsch, of the Missouri Public Defender, shall provide counsel for defendant, have counsel prepared to appear, and enter appearance....")(*see also* E36, E37, E41-E42), at the October 19 hearing, he appointed Petsch personally (E51)("Well, *I haven't appointed a single one of them [the other attorneys in Petsch's Office] other than you, Ms. Petsch*.")(emphasis added). Under *Franklin*, Judge Campbell exceeded his authority in appointing a specific Public Defender attorney to represent Mr. Nevels. Judge Campbell was authorized only to appoint the Public Defender System, and to allow the Public Defender Director, or his designee, to then assign the particular counsel to the case.

22.     Nothing in Secs. 600.062 or 600.063 changes the holding in *Franklin*. Sec. 600.062 provides that the Public Defender shall not limit its acceptance of cases based on a "caseload standard," and that the Public Defender "may not refuse to provide representation required under this chapter without prior approval from a court of competent jurisdiction." Sec. 600.063 provides a procedure for a District Defender to request a conference with a court to discuss caseload issues and seek possible relief. Although Relator contested the applicability of both statutes in the trial court and may continue to do so in future cases as events warrant, for purposes of this writ proceeding, Relator is not raising any claims under Secs. 600.062 or 600.063. For purposes here, nothing in either statute authorizes a trial court to appoint a specific Public Defender attorney. *See* Secs. 600.062 and 600.063. Assuming *arguendo* that the statutes applied – which Relator does not concede – Judge Campbell was authorized under *Franklin* only

10

MSPD - 0039231

Case 2:17-cv-04057-NKL   Document 160-41   Filed 02/21/18   Page 11 of 13

to appoint the Public Defender System, and to allow the Public Defender Director, or his designee, to then assign the particular counsel to Mr. Nevels' case.

23. In short, Judge Campbell exceeded his authority in appointing Relator Petsch to personally represent Mr. Nevels. This Court should issue a writ of prohibition to order Respondent Judge Campbell to rescind the order that Ms. Petsch personally represent Mr. Nevels.

WHEREFORE, Relator respectfully requests that this Court issue a preliminary Writ of Prohibition against the Respondent, to prohibit Judge Campbell's order of October 19, 2017, which ultimately appointed Ms. Petsch personally to represent Keith A. Nevels, contrary to this Court's holding in *State ex rel. Robinson v. Franklin*, 48 S.W.3d 64 (Mo. App. W.D. 2001), that a trial court exceeds its authority in appointing a specific Public Defender attorney to a specific case.

After a preliminary writ and opportunity for Respondent to respond, Relator requests that this Court make the writ permanent, or alternatively, order full briefing, and thereafter, make the writ permanent.

Respectfully submitted,

/s/ *J. Gregory Mermelstein*

J. Gregory Mermelstein, MO Bar #33836
Attorney for Relator
Woodrail Centre, Bldg. 7, Suite 100
1000 W. Nifong Blvd.
Columbia, MO 65203
Phone: 573-777-9977
Fax: 573-777-9973
E-Mail: Greg.Mermelstein@mspd.mo.gov

# CERTIFICATE OF SERVICE

I, J. Gregory Mermelstein, hereby certify that on this 25th day of October, 2017, a true and correct copy of the foregoing was mailed postage prepaid to:

Hon. Patrick W. Campbell
Circuit Judge, Division 10
Jackson County Circuit Court
415 E. 12th St. – 8th Floor
Kansas City, MO 64106
Telephone: 816-881-3610; and,

Jamie Hunt
Prosecuting Attorney, Jackson County
415 E. 12th St. – 11th Floor
Kansas City, MO 64106
Telephone: 816-881-3000; and,

Keith A. Nevels
2949 Park
Kansas City, MO 64109

I further hereby certify that on this 25th day of October, 2017, a true and correct copy of the foregoing was placed for delivery through the Missouri e-filing System for filing in *State v. Keith A. Nevels*, No. 1616-CR01742-01.

/s/ *J. Gregory Mermelstein*
_____
J. Gregory Mermelstein