# Exhibit OO

STATE EX REL. ASSISTANT PUBLIC )
DEFENDER _____, )
)
)
Relator, )
)
vs. ) No. _____
)
HON. _____, )
)
Respondent. )

## **SUGGESTIONS IN SUPPORT OF WRIT OF PROHIBITION AND/OR MANDAMUS**

The Writ of Prohibition and/or Mandamus filed by Relator, Assistant Public Defender _____, should be granted for the following reasons:

1. There is no exception to the rules of professional conduct for Public Defenders. ***State ex rel. Mo. Pub. Def. Comm'n v. Waters***, 370 S.W.3d 592, 608 (Mo. banc 2012); ***State ex rel. Mo. Pub. Def. Comm'n v. Pratte***, 298 S.W.3d 870, 880 (Mo. banc 2009). Public Defenders "themselves are risking their own professional lives" if they violate the professional rules. ***Pratte***, 298 S.W.3d at 880.

2. The Missouri Supreme Court has held that the rules of professional conduct impose on all attorneys an ethical duty to provide effective assistance of counsel to all of their clients, and that attorneys violate these rules if they "accept[] a case that results in a caseload so high that it impairs [their] ability to provide competent representation, to act

1

with reasonable diligence, and to keep the client reasonably informed." *Waters*, 370 S.W.3d at 607 (Mo. banc 2012)(citing Rules 4-1.1, 4-1.3 and 4-1.4).

3. The Court has held that these duties apply not just to new clients, but to existing clients, "so that an attorney's acceptance of a new case violates Rule 4-1.7 if it compromises [his or] her ability to continue to provide effective assistance to [his or] her other clients." *Id*. "[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest, which exists if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." *Id*. at 607-08 (citing Rule 4-1.7(a)(2); internal quotation marks omitted). "[A] conflict of interest is inevitably created when a public defender is compelled by his or her excessive caseload to choose between the rights of the various indigent defendants he or she is representing." *Id*. at 608 (citation and internal quotation marks omitted).

4. Rule 4-1.16(a) provides, in relevant part, that "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law[.]"

5. Counsel does not have adequate time or resources to ethically, effectively and competently represent Defendant in this case, in addition to counsel's other clients. If counsel must represent Defendant, counsel will be forced to choose amongst counsel's clients as to whom to provide ethical, effective and competent representation. Counsel will be forced to violate or risk violating Rules 4-1.1 (competence), 4-1.3 (diligence), 4-

1.4 (communication), and 4-1.7 (conflict of interest), as well as the Sixth Amendment right to effective assistance of counsel.

6. Comment 2 to Rule 4-1.3 mandates that "[a] lawyer's work load must be controlled so that each matter can be handled competently."

7. ABA Formal Opinion 06-441 requires that "[i]f a lawyer believes that [his or] her workload is such that [he or] she is unable to meet the basic ethical obligations required of [him or] her in the representation of a client, [he or] she must not continue the representation of that client or, if representation has not yet begun, [he or] she must decline the representation." ABA Formal Opinion 06-441 at 4 (copy submitted as **Exhibit A**).

8. Judges, too, have an obligation to ensure that indigent defendants are represented by appointed counsel who can be competent, ethical and effective in their particular cases. *Pratte*, 298 S.W.3d at 875. Judges must ensure that appointed counsel are able to effectively investigate, prepare for and present defendants' cases. *Id.* 9.

9. The Sixth Amendment right to effective counsel at all critical stages is not just to be determined after a guilty plea or trial. *Waters*, 370 S.W.3d at 607. The right to effective counsel is "prospective" and applies to all critical pretrial stages. *Id.* at 606.

10. "Simply put, a judge may not appoint counsel when the judge is aware that, for whatever reason, [the] counsel is unable to provide effective representation to a defendant. Effective, not just pro forma, representation is required by the Missouri and federal constitutions." *Id.* at 607.

11. If Relator must represent Defendant, Relator will be unable to comply with the rules of professional conduct, and will be unable to fulfill Relator's constitutional obligations to provide effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Defendant will be denied the rights to ethical and competent counsel, effective assistance of counsel, conflict-free counsel and due process under the rules of professional conduct and these federal and state constitutional provisions.

WHEREFORE, Relator respectfully requests that the Petition for Writ of Prohibition and/or Mandamus be sustained, and Relator be permitted to withdraw from Defendant's case.

Respectfully submitted,

_____
Assistant Public Defender
Bar No. XXXXX
Address:
Telephone:
FAX:
Email:

CERTIFICATE OF SERVICE

IN ADDITIONAL TO PROSECUTOR'S NAME AND ADDRESS, INCLUDE CLIENT'S NAME AND ADDRESS ON CERT. OF SERVICE TO PROVE THAT YOU ARE KEEPING CLIENT INFORMED OF YOUR MOTION TO WITHDRAW FROM CASE. RULES OF PROFESSIONAL CONDUCT REQUIRE THIS. YOU MUST ALSO INFORM THE CLIENT WHEN WITHDRAWAL IS GRANTED.

4