UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RANDALL LEE DALTON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 17-04057-CV-C-NKL |
| MICHAEL BARRETT, et al., | ) |
| | ) **Oral Argument Requested** |
| Defendants. | ) |

## MOTION AND SUGGESTIONS TO STAY

The Attorney General respectfully moves this Court to stay this case pending resolution of the Attorney General's motion to intervene. For the reasons expressed in that motion and suggestions, Defendants are not adequately representing the interests of the State of Missouri and all of its people, and the Attorney General should be allowed to intervene in this lawsuit. The Attorney General must intervene based on Defendants' refusal to confer with the Attorney General about this case and the parties' request yesterday that the Court enter a consent judgment that will make monumental changes to Missouri's criminal justice system. Defendants, who purport to represent Missouri's interests, but in reality only represent the interests of lawyers for the public defender's office, did not consult with the Attorney General's Office on the terms of that consent judgment. As a prudential matter, a temporary stay of the proceedings is necessary to allow the intervention motion to be heard and ensure that the State's interests are adequately represented.

## ARGUMENT

Just yesterday, May 13, 2019, the parties filed a joint motion for this Court to enter an 85-page consent judgment. As explained in the Attorney General's motion to intervene, the consent judgment will bring about far-reaching changes to Missouri's criminal justice system, and undermine existing Missouri law.

1

For example, the proposed consent judgment would allow a Missouri public defender office to refuse new cases if any individual public defender's assigned caseload results in the attorney working more than 40 hours per week.  Upward adjustments to that amount are subject to the discretion of a local public defender's office and approval by a third-party monitor selected by the parties.  In practice, this may mean that no public defender in Missouri is allowed to work one extra hour in order to accept indigent clients that need their representation.  In lieu of accepting new cases, prosecutors may be asked to eliminate incarceration for a possible offense, seemingly without regard to the type of offense.  And under the proposed consent judgment, courts can likely dismiss a case entirely because a local public defender's office has fully staffed its attorneys to work 40-hours per week—or less, given that downward deviations in the threshold amount are permitted under the consent judgment.  In other words, criminal defendants may receive significantly less punishment—perhaps even a fine—or even walk free without going to trial based on only one factor: the number of hours worked by a public defender.

Defendants have demonstrated they are not representing the interests of the State of Missouri and all of its people.  Just a few short months ago, the Eight Circuit dismissed certain named state entities as parties to this litigation.   Shortly afterwards, this Court denied Plaintiff's motion for class certification.  And just days after that, on March 1, 2019, this Court ordered the parties to proceed to mediation.  Defendants have stonewalled the Attorney General's efforts to engage in the matter after the Eighth Circuit's decision and this Court's recent order.  Defendants did not approach the Attorney General about participating in mediation.  To the contrary, during recent communication Defendants refused to inform the Attorney General's Office about when mediation would even occur.  In addition, counsel for Defendants refused to have an in-person meeting with the Attorney General's Office to discuss the case.  Counsel for Defendants did not

respond to the Attorney General's Office most recent e-mail to counsel for Defendants on May 6, 2019. Just one week later, the parties filed a motion for the Court to approve an 85-page consent judgment that presumably was borne out of the mediation process, a mediation process that Defendants would not even disclose to the Attorney General's Office.

The Court should stay these proceedings in order for the Attorney General's intervention motion to be heard and the interests of the State and all of its people to be properly defended. "A district court's power to stay proceedings is inherent in its ability to manage its own docket[.]" *G-Met, LLC v. St. Paul Mercury Ins. Co.*, No. 17-00070-CV-W-ODS, 2017 WL 5180963, at *2 (W.D. Mo. Nov. 8, 2017); *see Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979) (quoting *Landis*, 299 U.S. at 254.)

The Attorney General has significant concerns about the consequences, intended or unintended, that the proposed consent judgment will have on the State and its citizens. And it has become clear that the Attorney General is a necessary party to ensure that public safety, the public welfare, and the State of Missouri's interests are fully represented. The Attorney General regrets that Court intervention is necessary to ensure that this important case is resolved with the full spectrum of the interests of the criminal justice system in mind. No party will be unduly prejudiced by a temporary stay. The magnitude of the proposed consent judgment requires deliberation and time for the Attorney General to be heard.

3

Case 2:17-cv-04057-NKL   Document 224   Filed 05/14/19   Page 3 of 4

## CONCLUSION

For the reasons stated, the Court should grant a temporary stay of this litigation until the Court resolves the Attorney General's motion to intervene.

Respectfully submitted,

**ERIC S. SCHMITT**
*Attorney General*

*/s/ Jeremiah J. Morgan*
Jeremiah J. Morgan
   Deputy Attorney General - Civil
   Missouri Bar No. 50387
Cristian M. Stevens
   Deputy Attorney General - Criminal
   Missouri Bar No. 48028
Julie M. Blake
   Deputy Solicitor General
   Missouri Bar No. 69643
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Phone: 573-751-3321; Fax: 573-751-9456

ATTORNEYS FOR INTERVENOR THE
MISSOURI ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's online case filing system, and thereby served on all parties in the case.

*/s/ Jeremiah J. Morgan*
Jeremiah J. Morgan