UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RANDALL LEE DALTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 17-04057-CV-C-NKL |
| ) | |
| MICHAEL BARRETT, et al., ) | **Oral Argument Requested** |
| ) | |
| Defendants. ) | |

**REPLY SUGGESTIONS IN SUPPORT OF MOTION TO INTERVENE**

The Attorney General's Motion to Intervene established why it is critical that he be allowed to intervene in this case. The existing parties' proposed consent judgment, if entered, will substantially change the way that crimes are prosecuted in the State of Missouri and undermine existing statutes governing the appointment of counsel. This case implicates a host of state interests, and the Missouri State Public Defender Commission ("MSPD") is not an adequate representative of all of those interests. Indeed, the Plaintiffs concede that the Attorney General has a recognized interest in this litigation. *See* Pl. Resp. at p.8 ("the Attorney General clearly maintains a legitimate interest in this case.").

The Attorney General seeks to intervene not as counsel for other state entities, but rather in his official capacity as a party advocating for the interests he is constitutionally charged with upholding. The Attorney General has expeditiously moved to intervene upon learning of the proposed consent judgment and after the MSPD spurned the Attorney General's attempt to learn about the parties' mediation leading to the proposed consent judgment. The MSPD's conduct, not described in a fulsome manner in its opposition brief, has made clear that neither the Attorney General nor the broad interests of the Attorney General were welcome at the negotiating table. Soon after the State and Governor were dismissed from the lawsuit, the Attorney General sought

1

information about the case – particularly concerning settlement discussions and mediation in order to continue advocating for the interests he is constitutionally charged with upholding. But because of the MSPD's refusal to cooperate, the Attorney General has no recourse to participate in the case absent intervention as a party.

The Attorney General, as Missouri's constitutional officer charged with defending the public interest, has met all the requirements for intervention as a matter of right under Rule 24(a)(2) and permissive intervention under Rule 24(b)(1)(B).

### I. The Attorney General's interests are unique and are not adequately represented by the existing parties in this lawsuit.

The MSPD, at best, represents a narrow set of interests. As the MSPD notes in its opposition brief, its duty is to "fulfill and carry out the State's constitutional obligation to provide counsel to indigent defendants facing incarceration for charged crimes." MSPD Br. at p.2. The Attorney General agrees that individuals accused of crimes must be provided with a constitutionally adequate defense. But the MSPD's mission is not all that is at issue in this case, and that mission represents just a subset of the State of Missouri's collective interests at stake. The proposed consent judgment will affect virtually every aspect of the prosecution of crimes in Missouri.

The parties' arguments in their opposition briefs to intervention acknowledge that the Attorney General's interests are not adequately represented in this case. Plaintiffs describe the MSPD as an "adversary" to the Attorney General and the State's prosecution interests—an adversary that will be made more "sufficiently-resourced" by the proposed consent judgment. Pl. Br. at p.8. And the MSPD alternatively argues that the Attorney General seeks to "represent himself, and prosecutors and police." MSPD Br. at 7. The parties' characterizations of the
2

Attorney General's interests—adverse to, and not shared by, the existing parties—support the need for the Attorney General to intervene and have a seat at the table in this important dispute.

The Attorney General, as the State's chief legal officer and prosecutor, must ensure that the health, safety, and welfare of all Missourians is protected. The Attorney General is a constitutional guardian of public safety and his office contributes to the overall functioning of the justice system. Nothing implicates those interests more than monumental changes to the prosecution of state crimes. The proposed consent judgment has the potential to result in releasing arrested individuals accused of some of the most serious felonies in Missouri, courts dismissing charges, and transformations to the way that prosecutors and public defenders interact in criminal cases. The Attorney General's disagreements with the MSPD's assessment of the proposed consent judgment's impact only highlights the parties' divergent interests.

The MSPD has no obligation or right to define the full slate of the State's interests. Those obligations and rights belong to the Attorney General. "It is for the attorney general to decide where and how to litigate issues involving public rights and duties and to prevent injury to the public welfare." *State ex rel. Igoe v. Bradford*, 611 S.W.2d 343, 347 (Mo. App. W.D. 1980). The Missouri Attorney General has broad authority to appear as a party in cases where the State's interests are implicated. § 27.060; *see Dunivan v. State*, 466 S.W.3d 514, 518 (Mo. banc 2015) (Attorney General allowed to intervene in a case that had named other state defendants).

By Plaintiffs' own concession, the Attorney General has a recognized interest in the subject matter of this litigation. *See* Pl. Resp. at p.8. And both parties' oppositions to the Attorney General's motion underscores the disparate interests that the Attorney General and the MSPD seek to advance. The Attorney General's unique and broader set of interests will be impaired—if not

3

silenced—if he is not allowed to participate in this case. The Court should, therefore, sustain the Attorney General's motion to intervene.

## II. The Attorney General's intervention motion is timely, and failure to grant intervention will cause further delays in this case.

The parties argue that the Attorney General's motion is untimely because it comes "at the end of litigation" (Pl. Br. at p.3) and the parties have "engaged in time-consuming mediation" (MSPD Br. at p.3). As noted in the Attorney General's motion, the Attorney General attempted to learn the details of the mediation process but was rebuffed by the MSPD. The MSPD's motion makes much of the fact that one filing in this case disclosed the date when mediation was scheduled to commence (Doc. 216). However, what the MSPD fails to mention in its opposition brief is that no document filed with this Court indicated the time, location, or how many days the mediation would last. And when the Attorney General's Office asked the MSPD for detailed information about the mediation, the MSPD refused to disclose it. The MSPD's conduct has made clear that the doors to the mediation would be closed to the Attorney General. The MSPD has refused to meaningfully engage the Attorney General's Office to ensure that the array of interests the Attorney General represents are heard.

Prior to the Eighth Circuit's decision just months ago in *Church v. Missouri*, 913 F.3d 736 (8th Cir. 2019), the Attorney General's Office participated in this case as counsel for two parties originally named as defendants in this suit. On behalf of those clients, the Attorney General's Office asserted that the parties should be dismissed under several theories of sovereign immunity. Sovereign immunity belongs to a state and can be waived by the state. *See id.*; *Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. banc 2008) ("Full common law sovereign immunity belongs only to state entities."). It was in the best interest of those clients to obtain the legal relief

4

they were entitled to – dismissal. But the absence of the Attorney General as a party and the MSPD's refusal to cooperate has resulted in a void in important interests being represented.

Here, the Attorney General seeks to intervene as a party with its own stake in the litigation. Intervention is not untimely simply because there may be some overlap between the interests the Attorney General seeks to advance and the interests of parties who were previously in this case. The Attorney General sought to intervene immediately after reviewing the far-reaching proposed consent judgment, the terms of which were not disclosed to the Attorney General. The Attorney General has moved swiftly to ensure that his voice is heard before monumental, systemic changes are made to the prosecution and defense of crimes. The Court, and the parties, should give pause before moving forward with this case and ensure that all relevant stakeholders have a presence in this litigation.

The Attorney General meets the requirements for intervention as a matter of right under Federal Rule of Civil Procedure 24(a). In addition, this Court should grant permissive intervention under Rule 24(b). "The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *S. Dakota ex rel Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003).

First, if the Court grants the Attorney General's motion to intervene, any delay in this case would not be undue. As the Attorney General noted in its motion, trial is months away and the Attorney General's Office has already communicated with the parties throughout this litigation. The Attorney General believes that any additional discovery could be accommodated by reasonable adjustments to the scheduling order governing the litigation.

Second, no party's rights would be prejudiced by the Attorney General's intervention. The MSPD's opposition brief does not explain how its rights would be prejudiced by allowing the

5

Attorney General to intervene; the MSPD instead expresses concern that it may be sued by individuals who are not being provided with adequate assistance of counsel. But the MSPD's fears of litigation do not equate to *rights* that will be prejudiced by the Attorney General's presence in this lawsuit. Similarly, Plaintiffs' opposition does not clearly explain how their rights will be prejudiced by the Attorney General's intervention.

Given the importance of the issues at stake in this case, including the proposed consent judgment, all parties will ultimately benefit by ensuring that all stakeholders are present. The balance of the equities strongly favor the Attorney General's intervention. On the other hand, if intervention is denied, this case may still be delayed by appeals, additional motions, and objections.

## CONCLUSION

For the reasons stated, the Court should sustain the Attorney General's Motion to Intervene as a defendant in this case pursuant to Federal Rules of Civil Procedure 24(a)(2) and (b)(1)(B).

Respectfully submitted,

**ERIC S. SCHMITT**
*Attorney General*

*/s/ Jeremiah J. Morgan*
Jeremiah J. Morgan
   Deputy Attorney General - Civil
   Missouri Bar No. 50387
Cristian M. Stevens
   Deputy Attorney General - Criminal
   Missouri Bar No. 48028
Julie M. Blake
   Deputy Solicitor General
   Missouri Bar No. 69643
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, MO 65102
Phone: 573-751-3321; Fax: 573-751-9456

ATTORNEYS FOR INTERVENOR THE<br>MISSOURI ATTORNEY GENERAL

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 11th day of June, 2019, a true and correct copy of the foregoing was filed with the Clerk of the Court using the Court's online case filing system, and thereby served on all parties in the case.

<i>/s/ Jeremiah J. Morgan</i><br>Jeremiah J. Morgan