**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| RANDALL LEE DALTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL BARRETT, et al.,<br><br>Defendants. | Case No. 2:17-cv-04057-NKL |

**ORDER**

This action was originally removed from state court on April 7, 2017. Doc. 1. On July 24, 2017, the Court denied the State of Missouri's and the Governor of Missouri's motion to dismiss all claims against them. Doc. 69 (Order). The State of Missouri and the Governor appealed this decision to the Eighth Circuit. On January 10, 2019, the Eighth Circuit reversed this decision, and the State of Missouri and the Governor were subsequently dismissed from the lawsuit. *See Church v. Missouri*, 913 F.3d 736 (8th Cir. 2019). After settlement talks between Plaintiffs and the remaining Defendants of the Missouri State Public Defender Commission progressed, the Missouri Attorney General moved to intervene on May 14, 2019 to protect the interests of the State. Doc. 222. On July 12, 2019, the Court denied the Attorney General's motion to intervene. Doc. 238 (Order). The Attorney General appealed this decision to the Eighth Circuit.

While the Attorney General's appeal was pending at the Eighth Circuit, the remaining Plaintiffs and the Missouri State Public Defender Commission Defendants entered a stipulation of dismissal in this Court. Doc. 303. On June 16, 2020, the Missouri State Public Defender moved to dismiss the appeal at the Eighth Circuit, contending that in light of the stipulation of dismissal, the appeal was rendered moot. On June 18, 2020, the Missouri Attorney General agreed to the

dismissal.  However, the Attorney General requested the Eighth Circuit to vacate this Court's Order denying the Attorney General's motion to intervene, citing *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), where the Supreme Court discussed its practice of either reversing or vacating a judgment below when a case has become moot on appeal.  The Supreme Court observed that this "procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which …was only preliminary." *Id*. at 40.  *See also Robinson v. Pfizer, Inc.*, 855 F.3d 893, 898 (8th Cir. 2017) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994)) ("The established practice of federal appeals courts is to vacate the judgment or order being appealed because that 'clears the path for future relitigation of the issues between the parties and eliminates a judgment.'")

On July 8, 2020, the Eighth Circuit remanded the case to this Court with instructions to "vacate the July 12, 2019 order denying the Attorney General's motion to intervene." *Church v. Missouri*, No. 19-2584, slip op. at 1 (8th Cir. July 8, 2020).  Thus, at the direction of the Eighth Circuit, the Court vacates its July 12, 2019 Order denying the Missouri Attorney General's motion to intervene, Doc. 238.

<div style="text-align:right">

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

</div>

Dated: August 4, 2020
Jefferson City, Missouri